[No. 2263.   Decided May 29, 1896.]

AMANDA S. CHURCHILL, *Appellant*, v. JOSEPH STEPHEN-
SON *et al.*, *Respondents.*

PAROL CONTRACT TO CONVEY COMMUNITY REALTY — STATUTE OF FRAUDS
— ACTION AGAINST ADMINISTRATOR — INTERVENTION BY CREDITORS —
APPORTIONMENT OF COST.

A parol agreement of a husband to convey community real estate
to his wife is within the statute of frauds.

A mere general or contract creditor has not such a direct and im-
mediate interest as entitles him to intervene in an action against an
administrator for the recovery of real estate.

The court may apportion the costs when some of the causes of
action are of an equitable nature.

Appeal from Superior Court, Yakima County.—Hon.
CARROLL B. GRAVES, Judge.   Affirmed.

*Frank H. Rudkin*, and *Ira M. Krutz*, for appellant.
*Whitson & Parker*, *H. J. Snively;* and *Fred Miller*,
for respondents.

The opinion of the court was delivered by

GORDON, J.—Appellant is the widow, and respond-
ent Stephenson the administrator of the estate, of
Alvah Churchill, deceased.   Action was brought by
appellant against said administrator to recover posses-
sion of certain real estate claimed by her as her
separate estate.   The respondent defended on the
ground that the property was the community estate of
the appellant and her deceased husband, and as such
was subject to administration.

Prior to the trial the lower court, over appellant's
objections, permitted certain creditors of the estate to
intervene, and denied appellant's motion to strike their
petition in intervention.   A jury was waived and the

cause tried to the court, resulting in a decree in favor of respondent Stephenson based upon findings of fact and conclusions of law which were duly made and filed.

The property in dispute comprises several distinct lots and parcels, and the court found that all of it was acquired by the husband and wife subsequent to their marriage " by the joint and mutual efforts of said spouses," and that " none of said property was acquired by gift, bequest, devise or descent " by either of the spouses. The court further found that the appellant was, on the 27th of December, 1888, the owner of eighty acres of land which she had acquired by descent from her father, and that on that day she and her husband conveyed the same to one Field, and that at the time of such conveyance it was agreed by the husband that he would convey to the wife certain of the community property specifically mentioned, " in consideration of said conveyance by said plaintiff made to said Field; and that said agreement to convey the property was not in writing."

The court concluded that all the property in dispute was community property of the appellant and said Alvah Churchill, deceased, subject to the community debts of said estate, and that the administrator was entitled to possession thereof; also, " that the several parties hereto pay the costs by them severally incurred in this action."

These findings and conclusions were duly excepted to by appellant. Without attempting an analysis of the evidence we feel warranted in saying that it was insufficient to sustain the appellant's claim, and the lower court was right in finding as it did. We further think that the court was right in concluding that the parol agreement of the husband to convey to the wife

certain community real estate was within the statute of frauds and was consequently void. Pomeroy, Contracts, p. 159.

The court erred in permitting the intervention. In an action of this character the interest of a mere general or contract creditor is not of such a direct and immediate character as entitles him to intervene. But it in no wise appears that the intervention operated to the prejudice of the appellant. No costs were allowed to the intervenors below and none will be recovered by them in this court. Complaint is also made that the court erred in apportioning the costs, but as some of the causes of the action were, in our opinion, of an equitable nature, it was in the discretion of the court to make the disposition complained of.

Affirmed.

HOYT, C. J., and SCOTT and ANDERS, JJ., concur.

DUNBAR, J., concurs in the result.