[No. 5628. Decided September 25, 1905.]

Francis M. Guye, *Appellant, v.* Charles E. Plimpton
*et al., Respondents.*[1]

Husband and Wife—Property—Real Estate Held by Wife in
Trust for Son—Action by Husband to Recover for Community—
Character of Property—Evidence—Sufficiency. Upon an issue as
to the character of certain property claimed by the wife as held in
trust for her son, and by the husband as community property, find·
ings in favor of the wife are warranted, where it appears that in
1871, $1,200 came into their possession for the son from his grand·
father's estate, that the property in question was .conveyed to the
wife in 1876, and the wife's claim that she held it in trust for the
son was corroborated by evidence of the real estate agent who ne-
gotiated the sale, and of other creditable witnesses, to the effect that
many years before she refused to mortgage the same for that reason,
and her statements to the same effect made in the presence of wit·
nesses were not disputed by the husband, and the property was often
spoken of in the family as such individual estate.

Appeal from a judgment of the superior court for King
county, Morris, J., entered December 1, 1904, upon find-
ings in favor of the defendants, after a trial on the merits
before the court without a jury, in an action to cancel a
deed, and quiet title. Affirmed.

*Piles, Donworth, Howe & Farrell (Dallas V. Halver-
stadt,* of counsel), for appellant.

*Tucker & Hyland,* for respondents.

Root, J.—Appellant and respondent E. W. P. Guye in-
termarried March 21, 1872, and have ever since been, and ·
now are, husband and wife. Respondent Plimpton is a son
of Mrs. Guye by a prior marriage with one Josiah Plimpton.
Subsequent to the marriage of Mr. and Mrs. Guye, there
came into her hands certain money, which had some years
theretofore been left by their grandfather to said respond-
ent Plimpton and his brother. This brother, Frank T. Plimp-

1Reported in 82 Pac. 596.

ton, died September 18, 1871, leaving these respondents as his only heirs. The amount of money received as aforesaid is claimed to have been $1,200. It is maintained by respondents that this money was used by appellant in his business transactions.

On the 18th of January, 1876, one Curtis D. Brownfield by deed conveyed to respondent Mrs. Guye, lot 2, of block 5, of the town, now city, of Seattle, as laid out and platted by A. A. Denny, and known as A. A. Denny's addition to Seattle, said property being the subject-matter of this controversy. It is claimed by appellant that this property was paid for with community funds, and became, and has always remained, the community property of appellant and Mrs. Guye. Respondents, however, contend that said property was conveyed to Mrs. Guye for the express purpose of being held by her as the property of her said son Charles E. Plimpton, and that it was the intention and understanding that said property should take the place of the money which she had received for said Plimpton from his grandfather's estate, and which money she claims was used by her husband, this appellant, in his business affairs.

On the 16th day of December, 1902, respondent Mrs. Guye, by warranty deed, conveyed said property to her said son, Plimpton, and the said deed was filed for record on the same day in the office of the county auditor of King county. Immediately upon the execution and delivery of said deed, said Plimpton went into possession of said property, and has continuously retained the possession ever since. On the 19th day of June, 1891, appellant filed in the office of the auditor of King county, and caused to be recorded therein, a certain instrument purporting to give notice that the property herein involved was the community property of himself and wife.

This action was instituted by appellant to recover possession of said premises, to set aside and cancel the deed from Mrs. Guye to the respondent Plimpton, to require a recon-

veyance to respondent Mrs. Guye, and to restrain said Plimpton from making any further claim of right, title, or interest in or to said property, and restraining respondent Mrs. Guye from making any claim thereto other than her community right, and adjudging the property to be the community property of appellant and respondent Mrs. Guye, and for other relief. At the close of the trial, findings of fact and conclusions of law were made favorable to respondents, and a judgment and decree in their favor was entered. From this judgment and decree, appeal is taken to this court.

The paramount issue presented here is as to whether this lot was acquired as community property, or as property to be held in trust for respondent Plimpton. Appellant can recover only in the event of its being established that the same was acquired as community property. The evidence given by appellant and by respondent Mrs. Guye is very conflicting. Upon many points their testimony is irreconcilable. There are discrepancies in the testimony of each, and there are portions that seem inconsistent with established and conceded facts in the case. This, however, need not constitute a matter of surprise when we remember that many of the transactions testified to occurred many years ago. In recalling various events transpiring at different times throughout a period of over twenty years, it would be remarkable if the infirmities of memory were not made manifest. Upon the main question, we find much more to corroborate the testimony of Mrs. Guye than that of appellant. It would be impracticable to make a complete analysis of the evidence in this case, but a few references to certain portions of corroborative evidence may not be amiss.

E. F. Blaine, a well-known and reputable attorney of Seattle, was placed upon the witness stand, and testified to a conversation participated in by appellant, Mrs. Guye, and himself, in the year 1887, wherein the title to this property was under consideration. Mr. Blaine testified that he was

at said time acting as attorney for a bank that was about to make a loan to appellant. He (Blaine) had prepared a note and mortgage, and had called upon Mr. and Mrs. Guye for the purpose of having the same executed. He testified that Mrs. Guye refused to sign the mortgage, because, with other property, it covered the particular lot involved in this suit; that she then and there gave as her reason for refusing that she held the legal title in trust for the benefit of her son, this respondent Plimpton, and that the same had been paid for with money belonging to said Plimpton; that she made these statements in the presence of appellant and witness, and that appellant in no manner disputed her, but discussed the matter upon the assumption that the facts were as she had stated, urging her that it would be all right, and would be the means of saving them great loss, if the loan could be negotiated; that he, Mr. Blaine, became convinced, and so informed them, that he did not think she had a right to mortgage this piece of property, and refused to take the acknowledgment of the mortgage with said property described therein. Appellant denies this conversation.

One Angus Mackintosh, in a deposition, stated that when this property was purchased from Brownfield, he (Mackintosh) negotiated the purchase at the instance and request of respondent Mrs. Guye; that, during said negotiations, he had repeated conversations with her, and that all the negotiations were with her and Mr. Brownfield, and no one else; that Mrs. Guye at said time told him she had money belonging to her son, and she wanted to put that money into that property as an investment for him.

One W. D. Perkins, the nephew of Mrs. Guye and cousin of respondent Plimpton, was upon the witness stand, and testified that, some fourteen years ago, he lived during one winter in the home with appellant and Mrs. Guye, and had been living in Seattle ever since, and was well acquainted with them; that this lot was always spoken of and considered in the family as the property of Mrs. Guye; that she had

frequently spoken of it, and seemed to feel a pride in the fact of owning it as individual property; that in thus speaking of it in the presence of appellant, the latter never disputed her statements, and that he (Perkins) had never heard her title questioned by Mr. Guye.

In view of this corroborative evidence, and in the light of all of the evidence in the case, the trial judge, having the witnesses before him, reached the conclusion that the contention of appellant regarding the title to this lot was not maintained. We do not find justification for a different conclusion.

The judgment of the superior court is therefore affirmed.

MOUNT, C. J., CROW, HADLEY, FULLERTON, and DUNBAR, JJ., concur.