[No. 6910. Decided March 12, 1908.]

EVA C. GRAVES, *Appellant*, v. NORRIS N. GRAVES
*Respondent.*[1]

HUSBAND AND WIFE—COMMUNITY PROPERTY—ORAL AGREEMENT—FRAUDS, STATUTE OF. An oral agreement between husband and wife that real property thereafter acquired by either should be the separate property of such party, is void and does not change its community character, in view of Bal. Code, § 4490 making the same community property, and Bal. Code, § 4517, providing that conveyances of any interest in real estate shall be by deed.

SAME—EVIDENCE OF AGREEMENT—SUFFICIENCY. The evidence is insufficient to show an agreement that lots acquired by the husband were to be held as his separate property, where the wife flatly contradicts his testimony to that effect.

ADVERSE POSSESSION—HOSTILE CHARACTER—TENANTS IN COMMON—DIVORCED HUSBAND AND WIFE—EVIDENCE—SUFFICIENCY. There is no sufficient evidence of a holding of real estate by a husband adversely to his divorced wife, so as to make the same separate instead of community property, where it appears that in his action for a divorce no mention was made of the property, the wife having at that time on file her community property claim to the same, to the knowledge of the husband; since the decree of divorce left them tenants in common, and possession and receipt of rents and payment of taxes by him thereafter for ten years, without communication with his cotenant, will not constitute adverse possession.

[1]Reported in 94 Pac. 481.

EQUITY—LACHES—TENANCY IN COMMON—PARTITION.    An action by a divorced wife for partition of community property, in possession of the husband as a tenant in common, is not barred by laches, where the husband had collected rents and paid taxes for thirteen years, and there had been no accounting and no improvements made since the divorce.

CROW, J., dissenting.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered July 16, 1907, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action of partition. Reversed.

*Merritt, Oswald & Merritt*, for appellant.

*A. E. Barnes*, for respondent.

MOUNT, J.—This appeal is from a judgment in favor of respondent in an action brought by the appellant for partition of certain real estate in Spokane. The complaint alleges, that the appellant and respondent are the owners of lots 23 and 24, in block 23, Sanders' addition to Spokane; that respondent has collected rents since April, 1893, and has not accounted therefor; that the property cannot be divided without prejudice thereto; and prays for a sale and division of the proceeds. The answer of the respondent denies these allegations, and pleads three alleged separate affirmative defenses. The substance of each of these defenses is the same and substantially as follows: That in the year 1888 the appellant and respondent were husband and wife, living in the city of Spokane in this state; that they then entered into an agreement by the terms of which there should be no community property of the parties, but that all property which they then owned, or might thereafter acquire, should be held as separate property of the one acquiring the same; that in pursuance of this agreement, the parties hereto purchased four lots in block 23 above mentioned, two of which lots were taken in the name of Mrs. Graves and the two lots in question taken in the name

of the respondent; that thereafter the appellant, Mrs. Graves, sold the two lots standing in her name and retained the proceeds thereof; that respondent kept the lots now in dispute, and has ever since been in the open, notorious, and adverse possession thereof, claiming the same as his sole and separate property; that thereafter, in the year 1889, Mrs. Graves abandoned respondent and has not lived with him since, and later, in the same year, brought an action for divorce against respondent in Spokane county, which action, after trial, was dismissed; that on September 9, 1891, Mrs. Graves executed and recorded in Spokane county a claim of her community right to the lots in question; that in the year 1893 respondent brought an action for divorce in Spokane county against appellant; that she did not appear in said action or defend the same, and that a decree of divorce was granted to the respondent; that more than ten years have elapsed since the decree of divorce was granted, and that respondent has ever since been in the open and adverse possession of the lots, paying taxes and claiming the property as his separate property to the knowledge of appellant; that appellant's claim is barred by reason thereof, and appellant is therefore estopped by reason of laches to claim any interest in the lots.

The appellant, for reply to this answer, admitted the marriage relations as alleged, that the property was acquired during coverture, by community funds, that in 1891 she filed a claim of community interest, that respondent has been in possession of the lots ever since that time; admitted the divorce proceedings; and denied all the other allegations of the affirmative answer. On these issues the cause was tried to the court without a jury. The court made findings substantially as set out in the defenses above. The trial court found as a fact that, in the year 1888, an oral agreement was entered into between appellant and respondent, to the effect that they were to keep their property separate, and that since that time they have done so.

It was not claimed by the respondent that there was any written agreement, or that any of their property was passed

by deed from one to the other, and it is conceded that the property in dispute was acquired and improved by community funds earned after marriage. The statute makes such property community property. Bal. Code, § 4490 (P. C. § 3876). An oral agreement that such property might be held as separate property by one of the spouses would be in the face of this statute and also another statute which provides that all conveyances of real estate or any interest therein shall be by deed. Bal. Code, § 4517 (P. C. § 4435). *Churchill v. Stephenson*, 14 Wash. 620, 45 Pac. 28; *Nichols v. Oppermann*, 6 Wash. 618, 34 Pac. 162; *Sherlock v. Denny*, 28 Wash. 170, 68 Pac. 452. If such agreement was made as found, it was therefore void, and did not change the character which the law gave to the property.

The trial court, at the close of the evidence, rendered an oral opinion which is contained in the record. From this opinion we are informed that the fact of this oral agreement was not considered for the purpose of determining the character of the property as separate or community, but was considered only for the purpose of showing notice to the appellant that the respondent was holding the property adversely to her. Assuming that the fact of this agreement might be considered for the purpose stated, we are of the opinion that the evidence is not sufficient to support the finding. The respondent testified that such an agreement was made. The appellant flatly denied it. The respondent also testified that in the state of Minnesota, prior to coming to the state of Washington, he sold a farm and gave most of the money to his wife. He also testified that when they came to this state they acquired a tract of land on Pleasant Prairie, in Spokane county, and afterwards sold it for something like $20 in money and a sewing machine; that he took the $20 and his wife took the sewing machine as a division of the proceeds. He also testified that his wife acquired the title to two lots adjoining the ones in question, and sold them and retained the proceeds which she afterwards invested in other lots which were sold for $2,400, all of

which she kept as her individual money. The appellant admitted that she received some money from the sale of the Minnesota land, and that she received the sewing machine mentioned, but denied that she received the same by virtue of any separate property agreement. She also admitted that she purchased and received the benefit of the two lots adjoining the lots in question. She testified that, in addition to doing her own housework and caring for her children, she went out to work for neighbors by the day to help earn her living; that she purchased these two lots by such work from a kindly disposed neighbor, and that title was not taken in her own name but was held by this neighbor as trustee for her; that she afterwards sold the lots and reinvested the money and again sold and obtained the amount stated. There are in these facts probably some slight circumstances which might lend color to the view that there was an agreement that each should hold his property separately. But there is not enough, we think, in either these or other slight circumstances to base the finding of fact upon, especially when we consider the reasonableness of her explanation.

We do not think the evidence was sufficient to base a finding of adverse holding or laches upon. After the parties had ceased to live together the appellant, in the year 1889, brought an action for divorce against her husband. This property was involved, but what claims were then made do not appear. At any rate the action was dismissed because neither party showed cause for divorce. Both parties were asking for a decree, she upon the ground of cruelty and he upon the ground of abandonment. Soon after this time appellant left Spokane and has not lived there since. At the time she left Spokane, she had three children by respondent. Two of them afterwards died. Respondent contributed nothing to their support, and in no way assisted her either with the living or the dead, though he was requested to do so. In 1891 appellant filed of record her community claim against these lots. Thereafter, in 1893, the respondent brought an action in

Spokane county for divorce from his wife, but the complaint made no mention of the lots in question. The appellant did not appear in that action, and the decree of divorce was rendered, but no disposition was made of the property. At that time the appellant's community claim was on file in the office of the auditor of Spokane county, and the respondent knew of this. We think these facts fail to show an adverse holding by respondent against appellant. Respondent knew that the appellant was claiming her community interest. After such knowledge he brought an action for divorce against her. Had he desired to put an end to her claim he could have done so in the divorce action. He chose to obtain a divorce without any disposition of the community property. The decree therefore left them tenants in common of that property. *Ambrose v. Moore*, 46 Wash. 463, 90 Pac. 588. It is true she has made no effort to enforce her interest in the property since that time, and it is also true that he has collected the rents and paid the taxes, but there was no communication between the parties until about 1906, when an effort was made by the respondent to purchase the interest of appellant and, not being able to agree upon the price, the respondent then notified the appellant that she had no interest in the lots, and then the appellant brought this action. There can be no doubt that, during all the years since the divorce was granted in 1893, the property was joint property, and has been held by the respondent who was a cotenant with the appellant. The general rule in regard to adverse possession by one cotenant against another is stated in 1 Cyc. 1071, as follows:

"The entry and possession of land under the common title by one cotenant will not be presumed to be adverse to the others, but will ordinarily be held to be for the benefit of all."

In *Cox v. Tompkinson*, 39 Wash. 70, 80 Pac. 1005, we said:

"As the possession of land, held by a common title by one tenant in common, does not imply hostility, as does possession of a stranger to the title, stronger evidence is required to

show an adverse holding by a tenant in common than by a stranger, but the evidence need not differ in kind. Actual verbal or written notice is not necessary to start the statute running in such a case. If there be outward acts of exclusive ownership by the tenant in possession, of such a nature as to preclude the idea of a joint ownership, brought home to the cotenant, or of so open and public a character that a reasonable man would discover it, it is sufficient."

In this case the outward act of ownership consisted in possession, the collection of rents, and the payment of taxes by the respondent.

"The mere receipt and retention by one cotenant in possession of all the rents and profits does not of itself constitute an adverse possession, and will not ripen into title as against the others, though continued for the statutory period." 1 Cyc. 1076.

The property appears to have been improved property, consisting of two dwelling houses. It was not shown that the rents and profits do not meet the taxes and other necessary expenses, or that respondent had refused to account for rents, or that appellant had ever requested an accounting. In fact, the appellant appears to have made her home in places distant from Spokane, and had no communication with respondent from 1893 until about 1906. We think she had a right to assume that the rents would meet all the expenses and that the respondent was holding the property as cotenant, because there were no outward acts which would put her on notice of an adverse claim. We do not think the appellant was guilty of laches. The record shows no improvements to have been made on the property since the separation of appellant and respondent. There has been no change of condition and no platting or mortgages or sales of any part of the property, as was the case in *Cox v. Tompkinson, supra.*

Upon a consideration of all the facts in the case, we think the appellant is entitled to a division of the property in question. The judgment is therefore reversed, and the cause remanded to the lower court with directions to enter a judg-

ment for a division of the property, or in case an equal division cannot be made, that the property be ordered sold and the proceeds divided equally.

HADLEY, C. J., FULLERTON, and ROOT, JJ., concur.

DUNBAR and RUDKIN, JJ., took no part.

CROW, J. (dissenting)—I am of the opinion that the facts show there was an ouster of appellant by respondent, her tenant in common, that he has shown title in himself by adverse possession, and that appellant has been guilty of unexplained and inexcusable laches. The judgment should be affirmed, and I therefore dissent.