[No. 8557.   Department One.   February 24, 1910.]

## ETTA E. CARPENTER, *Respondent*, v. GEORGE BRACKETT, *Appellant*.[1]

HUSBAND AND WIFE—COMMUNITY PROPERTY—CONVEYANCES—DIVISION—EVIDENCE—SUFFICIENCY. The evidence sustains findings that a husband and wife, on making a division of their property, pending a divorce, intended that the wife should be given title to certain community property, where it appears that the title thereto had been in a trustee, who, at the husband's request, had made a deed to the wife some months before the settlement, the husband retaining possession of the deed; that deeds of other property passed between the parties on making the division, at which time the husband handed the trustee's deed to the wife, and subsequently it was recorded at the husband's request; that subsequent to the division he pointed out the property as belonging to the wife and thereafter paid no taxes thereon, and stood by while she erected a house on one of the lots.

SAME—DEED OF TRUSTEE TO WIFE—EFFECT. Where a trustee held the title to community property, who, at the husband's request, executed a deed to the wife, the husband's community interest is not divested by his subsequent delivery of the deed to the wife with intent to invest her with a separate estate; since that could only be done by his deed.

DIVORCE—DISPOSITION OF PROPERTY. The court is without jurisdiction to make any disposition of real property of the parties not mentioned in divorce proceedings.

HUSBAND AND WIFE—SEPARATION—DIVISION OF PROPERTY—AFTER DIVORCE—EQUITY—JURISDICTION. Where the husband and wife made a division of their property pending a divorce, and the husband agreed and attempted to vest the wife with title to certain lots by delivering a previously executed trustee's deed, and surrendered possession to her and acquiesced in and acknowledged her ownership,

[1]Reported in 107 Pac. 359.

in a suit in equity in which the question of title is submitted, the court has jurisdiction, after divorce granted, to decree specific performance of the contract, by compelling the husband to deed the property to the wife.

Appeal from a judgment of the superior court for Snohomish county, Steiner, J., entered October 23, 1909, upon findings in favor of the plaintiff, in an action to quiet title. Modified.

*S. J. White,* for appellant.

*Guie & Guie,* for respondent.

MORRIS, J.—Respondent brought this action to quiet her title to three lots in Edmonds, alleging, that on June 2, 1905, the parties hereto, then husband and wife, agreed to live apart and made a division of their property interests; that, in pursuance of such agreement, appellant caused to be conveyed to respondent certain real property, including the three lots, as her sole and separate estate, and she conveyed certain other property to appellant as his sole and separate estate; that subsequently a divorce was decreed, in which decree her title to these three lots was confirmed; that the deed, having been made prior to the divorce decree, was presumably a community grant, and that her title being clouded by appellant's presumptive community interest, she prayed for a decree removing such cloud. The answer denied these facts, alleged the appellant to be the sole owner of the lots under the divorce decree, and asked to have the title decreed to be in him. The court made findings in favor of respondent, and from judgment entered thereon this appeal was taken.

The title to these three lots was, prior to February 25, 1905, in James M. Gephart, who it is admitted was only a trustee for the parties hereto. On that day he made a deed to the lots to respondent at appellant's request, and delivered the same to appellant who retained possession of the same until June 2 following. From this point on the evidence is in conflict. Having determined to end their marital infelicity,

husband and wife on that day went to Everett where an agreement was entered into reciting a division of the property "according to the various deeds this day executed and exchanged," respondent executing a deed to appellant of a piece of land called the homestead, and appellant executing a deed to respondent of a five-acre piece. Respondent then testifies that, at the same time and as a part of the agreement, appellant handed her the deed to these three lots, which Gephart had executed on February 25th. This appellant denies, and contends that the only real property discussed or affected at that time was the homestead and the five-acre piece, and that he never delivered the deed to the three lots to respondent, or to any other person, until he filed the same for record on February 7, 1906. The deed appears to have been in the possession of C. R. Crouch, attorney for respondent in the divorce proceeding, for some time prior to February 5, 1906; for on that day Crouch, upon the written request of respondent, delivered the deed to Gephart, and, as it was filed for record February 7 at the request of appellant, it is fair to assume it was by Gephart delivered to appellant. Crouch testifies, as does Carpenter, the present husband of respondent, that, subsequent to June 2, appellant pointed out these three lots to them as the property of respondent. It also appears that respondent subsequently sold one of the lots, and that upon another she has erected a dwelling, all of which was known to appellant. She also offered to prove that she had paid all subsequent taxes, but this offer was by the trial court rejected. It does, however, appear that appellant paid no taxes on these lots subsequent to June 2. We think, therefore, the lower court was justified in its findings of fact.

But assuming the facts to be as found, we cannot concur with the court that respondent was entitled to the relief prayed for. When the deed passed from Gephart to appellant, the community thereby became invested with the title, and it could only become divested of such title by a proper

conveyance. Conceding, as the court below found, that on June 2 it was the purpose and intention of appellant to convey these lots to respondent and invest her with the title as her separate estate, he could not do so by handing the deed over to her. The only way his interest in those lots could be vested in respondent was by deed from him to her. It could not be done by intention, purpose, or desire, however strongly he may have expressed himself. We have heretofore held that, while a title taken in the name of either spouse is presumptively community property, it is proper to rebut such presumption by evidence that the purchase price was the separate fund of the one in whom the title was taken, or by subsequent oral declarations and admissions of the separate character of the purchase, or by the act of the parties in the treatment of the land with reference to voluntary liens, or by the expressed intention of the spouses at the time of the conveyance, as in the cases of *Guye v. Plimpton,* 40 Wash. 234, 82 Pac. 596, and *Ballard v. Slyfield,* 47 Wash. 174, 91 Pac. 642. So that, if the deed from Gephart had been executed on June 2, in accordance with the agreement then made and as a part consideration therefor, there might be some ground for holding (although such a question not being before us, we do not wish to be understood as so holding), aided by the subsequent facts as found by the court, that the presumption had been overcome and the deed held to pass sole title to respondent.

The Gephart deed was, however, made the previous February, and no intention of its purpose and effect in June could alter, change, or characterize the title which vested by its then delivery to the community. There is no evidence showing any intention of making any property settlement in February in which that deed would play a part. It is probably true that the parties were then living unhappily together, and a divorce was contemplated, but it is not contended that any arrangements had then been made looking to an amicable adjustment of their property rights, nor is it shown that re-

spondent had any knowledge of the existence of this Gephart deed until June 2. We cannot, therefore, hold there is any relation between the deed of February 25 and the agreement of June 2. It would also appear from the evidence of both parties that the agreement of June 2 did not dispose of all their property rights, but that there is still other property, not mentioned in the agreement nor referred to in the divorce proceedings.

Neither did the divorce decree award this property to either party. Respondent was the plaintiff in that action, and in her complaint she mentions many descriptions of real property, but makes no mention of this property. These lots not being referred to in the divorce action, the court therein had no jurisdiction over them, and could make no decree affecting them. We regret, in view of the facts as found by the lower court, which we believe justified by the evidence, that we are constrained to hold that our statute requiring all conveyances of any interest in land to be by deed, the interest of appellant in the property in controversy could only be divested by deed, and did not pass by the delivery by him of the Gephart deed.

It does not follow, however, that the respondent is not entitled to relief as, under the facts shown and found, we have this situation: An agreement to convey so as to vest title in her as her separate estate; an attempt and intention to carry out this agreement by delivery of a deed previously executed, in which she is named as grantee; a surrender of possession to her, and a subsequent acquiescence in and recognition of her title. By the pleadings both parties submit the title to the decree of the court and ask for general equitable relief. So that respondent can here be awarded such equitable relief as the facts show her entitled to, and that is to have the agreement of June 2, made partially in consideration of a conveyance of this property to her and in consideration of which she in her turn conveyed to appellant, specifically enforced and a decree entered in her behalf.

The cause will therefore be remanded to the lower court with instructions to modify the decree so as to direct and order that appellant, within thirty days from the filing of the remittitur in the lower court, execute and deliver to respondent his deed to the lots in question, in which deed he shall divest himself of all right, title, interest, and estate in and to the lots in controversy. And if for any reason the appellant shall fail or neglect so to do, the decree shall provide for the appointment of a commissioner, who shall be duly authorized and commissioned to carry out the provisions of the decree. Neither party will be awarded costs in this court.

RUDKIN, C. J., FULLERTON, CHADWICK, and GOSE, JJ., concur.