[No. 16072. Department Two. March 16, 1921.]

*In the Matter of the Estate of* JOSEPH H. PARKER. E. C. MILLION, *Executor et al., Respondents*, v. ANNIE C. PARKER, *Administratrix, Appellant*.[1]

HUSBAND AND WIFE (58-60, 65)—COMMUNITY PROPERTY—PRESUMPTIONS—GIFTS. Where property was purchased with community funds during the existence of the community, and the deed taken in the name of the wife, its status as community property is fixed, and it cannot be shown by oral evidence that the husband's intent in taking the deed in the wife's name was to make her a gift of it and that it was thereafter treated by them as her separate estate.

Appeal from an order of the superior court for King county, Frater, J., entered June 26, 1920, directing an

[1]Reported in 196 Pac. 632.

administratrix of an estate to include additional property in the inventory, after a hearing before the court. Affirmed.

*Shank, Belt & Fairbrook,* for appellant.

*J. L. Corrigan* and *Million & Houser,* for respondents.

TOLMAN, J.—This is an appeal from an order made by the superior court directing the appellant, as administratrix of the estate of her deceased husband, to include in her inventory and reports certain real estate which she claims as her separate property.

It appears that Joseph H. Parker died in June, 1918, leaving a will, in which he named E. C. Million and two others as his executors. The appellant, the widow of deceased, claimed her right under the statute to administer the community estate, and was thereafter duly appointed administratrix with the will annexed of such estate. After qualifying, she filed an inventory which omitted two pieces of real property, one the home which was occupied by the deceased and his family from the time of its purchase in 1901 until his death, and thereafter by appellant; and the other being a half interest in certain property deeded to Thomas Sanders and J. H. Parker in 1906, referred to in the record as the Sanders-Parker property, and occupied at all times by tenants.

On the trial below, respondents introduced in evidence the deed by which title was obtained to the home property, showing that appellant was named as the grantee therein; then introduced the deed to the Sanders-Parker property in which the names of Thomas Sanders and J. H. Parker appear as grantees. They

then called appellant as a witness, and by her testimony established that she was the wife of Joseph H. Parker at the times when these titles were acquired, living with him within this state, as such, and rested.

Appellant then offered to prove that, at the time Mr. Parker bought the home property, he said he was buying it for his wife; that Mrs. Parker received the deed direct from the grantors, and held possession of it at all times since; that Mr. Parker had repeatedly made statements to different persons that both pieces of property belonged to his wife; that he had made a written statement of his assets to a bank for the purpose of establishing a line of credit, which statement omitted any mention of either piece of property; that the fire insurance policy on the Sanders-Parker property was written in the name of Mrs. Parker as owner, probably at Mr. Parker's direction, or with his consent, and that the income from this property had all been required to pay taxes and assessments, as explaining why Mrs. Parker had received none of it. These offers of testimony were all rejected by the court, and appellant's assignments of error are all based on such rulings and the results which follow therefrom.

We think the trial court committed no error in making its rulings. "The status of the property is fixed at the time of the purchase." *Katterhagen v. Meister,* 75 Wash. 112, 134 Pac. 673, and cases there cited.

The evidence offered did not tend to show that Mrs. Parker furnished any part of the purchase price from her separate estate, and at the most would only tend to show that the husband in directing the deed to be made to the wife and delivered to her, intended by such acts to make a gift of the property to the wife. Such an

oral gift cannot be recognized as a valid conveyance of real property under our statute. There was nothing in the evidence offered to overcome the presumption that the purchase was made by the community, with community funds, and the title therefore vested in the community, "and unless divested by deed, by due process of law or the working of an estoppel must remain there." *In re Deschamps' Estate,* 77 Wash. 514, 137 Pac. 1009.

"It was not claimed by the respondent that there was any written agreement, or that any of their property was passed by deed from one to the other, and it is conceded that the property in dispute was acquired and improved by community funds earned after marriage. The statute makes such property community property. Bal. Code, § 4490 (P. C. § 3876.) An oral agreement that such property might be held as separate property by one of the spouses would be in the face of this statute and also another statute which provides that all conveyances of real estate or any interest therein shall be by deed. Bal. Code, § 4517 (P. C. § 4435), *Churchill v. Stephenson,* 14 Wash. 620, 45 Pac. 28; *Nichols v. Oppermann,* 6 Wash. 618, 34 Pac. 162; *Sherlock v. Denny,* 28 Wash. 170, 68 Pac. 452. If such agreement was made as found, it was therefore void, and did not change the character which the law gave to the property." *Graves v. Graves,* 48 Wash. 664, 94 Pac. 481.

See, also, *Carpenter v. Brackett,* 57 Wash. 460, 107 Pac. 359; *Union Savings & Tr. Co. v. Manney,* 101 Wash. 274, 172 Pac. 251, and *Rawlings v. Heal,* 111 Wash. 218, 190 Pac. 237.

We are aware that there are expressions in some of the cases decided by this court which, taken by themselves, might tend to a contrary view, but these cases are clearly distinguishable upon the facts from the instant case, and no one of them denies the rule which we here attempt to follow.

. We are clearly of the opinion that the ruling of the trial court was right, and the judgment appealed from is affirmed.

PARKER, C. J., MAIN, MITCHELL, and MOUNT, JJ., concur.