[Civil No. 1975. Filed June 5, 1922.]

[206 Pac. 222.]

JOHN WILSON, Appellant, v. NELLIE SULLI-VAN, Appellee.

1. HUSBAND AND WIFE—TITLE CONVEYED TO HUSBAND PRESUMED TO HAVE BEEN PAID FOR WITH COMMUNITY FUNDS IN ABSENCE OF TESTIMONY TO THE CONTRARY.—In the absence of testimony to show who paid the purchase price for the conveyance to the husband of the title to a lot from the town-site trustee under the United States patent, it must be presumed that the consideration was paid with community funds.

2. HUSBAND AND WIFE — PROPERTY PURCHASED WITH COMMUNITY FUNDS BECOMES COMMUNITY PROPERTY, THOUGH TITLE IS CONVEYED TO HUSBAND.—If the purchase price of a lot, the title to which was conveyed to the husband, was paid with community funds, the property became the community property of the husband and the wife.

3. HUSBAND AND WIFE — WIFE'S COMMUNITY INTEREST IN LAND PASSES TO HER HEIRS AS AN ESTATE OF INHERITANCE.—On wife's death, her community interest in land passes to her heirs as an estate of inheritance.

4. FRAUDS, STATUTE OF — HUSBAND AND WIFE — PAROL AGREEMENT THAT PROPERTY PURCHASED WITH COMMUNITY FUNDS SHOULD BE HUSBAND'S SEPARATE PROPERTY DID NOT DIVEST WIFE OF COMMUNITY INTEREST, NOTWITHSTANDING CONVEYANCE TO HUSBAND.—Property purchased with community funds became the community property of husband and wife, notwithstanding parol agreement that the property was to be the separate property of the husband, since, under Civil Code of 1913, paragraph 2049, the wife could voluntarily divest herself of her community interest therein only by an instrument in writing; the subsequent conveyance of the title to the husband not taking such agreement out of the statute.

5. APPEAL AND ERROR — ASSIGNMENT OF ERROR NOT SUPPORTED BY ARGUMENT OR CITATION OF AUTHORITY DEEMED ABANDONED.—Assignment of error complaining of overruling of demurrer to complaint, based upon Civil Code of 1913, paragraphs 695, 697, 698, 700, consisting of flat statements as to the applicability of such paragraphs, and a claim that the testimony showed that appellant had an adverse possession of certain land, without supporting such claims by argument or citation of authority, will be deemed to have been abandoned.

APPEAL from a judgment of the Superior Court of the County of Santa Cruz. Samuel L. Pattee, Judge. Affirmed.

STATEMENT OF FACTS.

The appellant, John Wilson, intermarried with Annie Wilson, mother of the appellee, Nellie Sullivan, in Chicago, Illinois, in the year 1888. In 1891 husband and wife removed to Nogales, Arizona, at which place they resided until the death of Mrs. Wilson in May, 1907, appellant continuing his residence there at all times thereafter. In 1892 James Breen, brother

of Annie Wilson, conveyed to her, by deed of gift, lot 6 in block 7 of the town of Nogales, situated on Morley Avenue in said town. After the wife acquired this property the appellant erected a building on it at a cost of about $3,500, paid out of his separate funds. During the marriage, and some time during the years 1892 and 1893, husband and wife purchased with community funds lot 1 in block 4 of said town, situated on Elm Street therein. This property was afterwards improved with moneys earned by the appellant during the marriage.

The legal title to these properties theretofore outstanding in the United States was transferred to the husband and wife by two deeds of date February 1, 1900, issued by the mayor of the town of Nogales and trustee of the Nogales town site. One of these deeds conveyed the Morley Avenue property to Mrs. Wilson and the other conveyed the Elm Street property to the appellant. Both deeds were recorded at the request of the wife. After the improvements were made upon the Elm Street property the parties took up and maintained their residence thereon, the appellant remaining in the home after his wife's death.

Appellant took out letters of administration upon his wife's estate, and in such proceedings filed an inventory, which did not include the Elm Street property as a part of her estate, but did include the Morley Avenue property listed as her separate property. Because of this omission, the appellee, Nellie Sullivan, the daughter of decedent by a former marriage, and her only surviving heir, caused further proceedings to be instituted in the superior court of Santa Cruz county to administer upon such omitted property, and to have her share therein set apart to her. To the petition so filed appellant herein demurred, and the court refused to issue letters to the applicant. On appeal to this court this ruling was upheld. See *Estate of Wilson,* 19 Ariz. 205, 168 Pac. 503.

Later, and in April, 1918, appellee brought this action to recover from appellant an undivided one-half interest in the Elm Street property, and for an accounting of the rents and profits thereof received by him. The defenses pleaded by appellant are based upon certain paragraphs of the statute of limitations, and also the allegations that some time prior to the issuance of the town-site deed it was orally agreed between the husband and wife that the Morley Avenue property should be the separate property of Annie Wilson, and the Elm Street property the separate property of the appellant, John Wilson; that the terms of said agreement were executed, carried out, and fully performed on the part of each, and each received title to his or her respective lot by deed from the trustee of the town site of Nogales, in accordance with said agreement. The trial court admitted testimony as to this agreement, and found the facts to be substantially as related above, and that the oral agreement was based upon a valuable, though past, consideration, being the moneys expended by the appellant from his separate funds in improving the Morley Avenue property, and that Mrs. Wilson procured the delivery of the deeds from the town-site trustee to effectuate such agreement. The learned judge of the trial court, considering the case under all these findings, stated the question for decision to be whether the oral agreement so proved was sufficient upon which to predicate the conclusion that the Elm Street property was the separate estate of the appellant. Paragraph 2049, Revised Statutes of 1913, which has been the law of this state ever since the Revision of 1887 (there paragraph 214), reads as follows:

"No estate of inheritance or freehold or for a term of more than one year, in lands and tenements, shall be conveyed from one to another unless the conveyance be declared by an instrument in writing, sub-

scribed and delivered by the party disposing of the same, or by his agent thereunto authorized by writing.''

Adopted from laws of Texas. Article 624, Sayles' Ann. Stats. Tex. 1897. (For additional history, see *Murphey* v. *Brown*, 12 Ariz. 268, 100 Pac. 801, and 27 C. J. 191, § 129.)

Holding this statute to be applicable, and to require an answer in the negative, the court rendered judgment in favor of the appellee for the relief prayed. The correctness of that judgment is the sole question presented on this appeal.

Mr. S. F. Noon and Mr. M. Marsteller, for Appellant.

Messrs. Duffy & Purdum, Mr. Frank J. Barry and Mr. Warren Lee Kinder, for Appellee.

FLANIGAN, J. (After Stating the Facts as Above.)—Appellant's attack upon the judgment is based upon the propositions: (1) That the oral agreement between the appellant and his wife was actually executed by the delivery of the deed of the town-site trustee, issued at the instance of the wife, which, it is said, carried out and fully performed the agreements of the parties, so that the statute no longer applies; and (2) that the property ''under this special arrangement entered the marital community as the separate property of John Wilson, and under and by virtue of the agreement made between the husband and wife based on the consideration of $3,500 expended by the husband from his separate funds on the separate property of the wife.''

It is conceded that the Morley Avenue property was in the lifetime of the wife her separate property, which, upon her death, descended to her lawful heirs. The consideration for the original transfer of the right of possession in and to the Elm Street property,

and the cost of the improvements thereon, were paid for with moneys earned by the husband during the marriage. There is no testimony to show who paid the purchase price for the conveyance of the title from the town-site trustee under the United States patent, and we must therefore presume that this consideration was paid with community funds. Under these facts, and the presumption of law that "all property found in the name or possession of either spouse during the marriage is *prima facie* common" (McKay on Community Property, § 255, and cases cited), there can be no doubt that the Elm Street property was to be deemed the community property of the spouses. It therefore follows that, at the time of the issuance of the town-site deed, if not before, Mrs. Wilson acquired and became vested with a community interest in the Elm Street property which would pass to her heirs as an estate of inheritance (*Estate of Wilson, supra*), unless she had been divested of her title thereto in some manner recognized by law as competent to effect such divestiture. There is no suggestion in the argument of counsel for appellant, nor in the testimony of any involuntary alienation of decedent's interest in the property under the operation of an estoppel or otherwise. It must therefore be taken as conceded, and rightly so, that, if the title and ownership of the deceased wife in the property is to be considered as having been at any time transferred to the appellant, such result is to be predicated upon some voluntary alienation made by her.

The contention that the issuance of the deed by the town-site trustee, at the procurement of the wife, and its recordation in the office of the county recorder of Santa Cruz county, Arizona, executed the agreement so as to take the transaction out of the statute, is not tenable. Assuming the agreement to have been that the conveyance so made should vest the entire estate in appellant, it cannot be given effect under the stat-

24 Ariz.—9

ute, which prescribes a different method for a present transfer, in the absence at least of circumstances creating an equitable estate of such character as would justify a court in decreeing the transfer of the outstanding legal title. Conceding the strong moral foundation for appellant's claim to the property, there is no showing of any basis for equitable relief of the character referred to.

It is likewise apparent that the facts do not warrant the conclusion that the property ever was the separate estate of appellant, as the entire consideration therefor was paid out of community assets. The case is simply that the deceased wife never declared any conveyance of her interest in the property by an instrument in writing subscribed and delivered by her, or by her agent thereunto authorized by writing, and, as the estate of the decedent was an estate of inheritance of which she could voluntarily divest herself only by a conveyance made in accordance with the statute, this property upon her death, descended to her lawful heir, the appellee. This conclusion is in accordance with the decision of the Supreme Court of Washington in the case of *Graves* v. *Graves,* 48 Wash. 664, 94 Pac. 481, a case much like the one at bar, construing and applying a section of the statute of frauds similar in effect to our own. The court in that case, holding against the contention of the husband, said:

"It was not claimed by the respondent that there was any written agreement, or that any of their property was passed by deed from one to the other, and it is conceded that the property in dispute was acquired and improved by community funds earned after marriage. The statute makes such property community property. Ballinger's Ann. Codes & Stats., § 4490. An oral agreement that such property might be held as separate property by one of the spouses would be in the face of this statute, and also another statute which provides that all conveyances of real estate or any interest therein shall be by deed.

Ballinger's Ann. Codes & Stats., § 4517; *Churchill* v. *Stevenson,* 14 Wash. 620, 45 Pac. 28; *Nichols* v. *Oppermann,* 6 Wash. 618, 34 Pac. 162; *Sherlock* v. *Denny,* 28 Wash. 170, 68 Pac. 452. If such agreement was made, . . . it was therefore void, and did not change the character which the law gave to the property."

See also, *In re Parker's Estate,* 115 Wash. 57, 196 Pac. 632; *Union Savings & Trust Co. of Seattle* v. *Manney,* 101 Wash. 274, 172 Pac. 251; *Dobbins* v. *Dexter Horton & Co.,* 62 Wash. 423, 113 Pac. 1088.

The action of the court in overruling appellant's demurrer to appellee's amended complaint, the demurrer being based upon the provisions of paragraphs 695, 697, 698 and 700, Revised Statutes of 1913, is assigned as error. The assignment consists substantially of flat statements of the applicability of the paragraphs cited, and a claim that the testimony shows that the appellant had peaceable and adverse possession of lot 1, block 4, paying taxes thereon, using and enjoying the same for the statutory period, etc., without supporting these claims by argument or citation of authority. In the absence of argument to support the assignment, and especially the failure to consider the effect to be given the probate proceedings, or to show how and when the appellant repudiated the effect of his possession of the property as a tenant in common with the appellee, so as to make his possession adverse, we must hold this assignment of error to be abandoned. We may say, however, that our examination of the authorities submitted by appellant pertinent to the question, suggested by the assignment, convinces us that the action of the court overruling the demurrer was correct.

For the reasons given, the judgment will be affirmed.

ROSS, C. J., and McALISTER, J., concur.