[No. 4256.   Decided October 3, 1902.]

P. F. KLINE *et ux., Respondents,* v. HENRY W. STEIN *et al., Appellants.*

EJECTMENT — TITLE BY ADVERSE POSSESSION — INSTRUCTIONS.

Upon an issue of title by adverse possession in an action of ejectment, it was proper for the court to charge the jury that the open, notorious, peaceable possession of real estate, with a claim

of right thereto, for the period prescribed by the statute of limitations vested title in plaintiffs.

SAME — EVIDENCE — TRANSACTIONS WITH DECEDENT.

. Under Bal. Code, § 5991, which excludes evidence of transactions had with a decedent, in an action of ejectment against the executors of the estate of a decedent from whom plaintiffs claimed to derive title sufficient to establish adverse possession, evidence on plaintiffs' part of having been put in possession of the land by decedent under an agreement for a deed which was subsequently executed, but by mistake failed to incorporate all the land of which they had been put in possession under their purchase, is inadmissible.

SAME — PREJUDICIAL ERROR.

Although there may be evidence sufficient to establish plaintiffs' title by adverse possession, which was the vital issue in the case, yet, where the evidence is conflicting, and the jury may have been influenced in their verdict for plaintiff by reason of the erroneous admission of testimony of transactions had with a decedent tending to establish plaintiffs' title, the error cannot be regarded as without prejudice.

Appeal from Superior Court, Kitsap County.—Hon. JOHN C. DENNEY, Judge.   Reversed.

*Samuel S. Carlisle* and *Charles E. Patterson,* for apellants.

*J. B. Yakey, Jesse Thomas* and *Thomas Carroll,* for respondents.

The opinion of the court was delivered by

REAVIS, C. J.—Action in ejectment.   The complaint alleges that plaintiffs were seized in fee simple of about eight and one-half acres of land in Kitsap county, describing the same by metes and bounds; that about the 26th day of April, 1900, while plaintiffs were so entitled to possession, the defendants forcibly entered, and ousted plaintiffs therefrom.   The answer denies the ownership of plaintiffs, and sets up ownership in the estate of Charles A. White, deceased, and the rightful possession

of defendants as executors of said estate. Plaintiffs replied, denying the title and ownership of said White to any of the premises at the time of the entry of defendants, and also showing that plaintiffs purchased the land from said White on the 16th of September, 1886. It further sets out that plaintiffs have been in the open, notorious, and peaceable possession of said premises for more than thirteen years before said wrongful entry of defendants, and urges such possession as establishing the bar of the statute of limitations in favor of plaintiffs. Upon the issues thus tendered by the pleadings, the case was tried. The plaintiffs produced evidence tending to prove that they were in open, notorious, peaceable possession, claiming ownership thereof, for more than thirteen years prior to the entry of defendants. The court instructed the jury correctly upon the law relating to proof of title by adverse possession,—in substance, that the open notorious, and peaceable possession of real estate with the claim of right thereto for the period prescribed in the statute of limitations vested title in plaintiffs. We find no error in the court's instruction upon this issue. But, while plaintiff P. F. Kline was testifying, his counsel asked him generally what connection, if any, he had with the land. The following then appears of record:

"Mr. Patterson. Your Honor, if this involves a personal transaction with Mr. White, the decedent in this case, we wish to object to this evidence as incompetent under the statute. The Court. I will let him answer the question. (Exception allowed). A. Well, I cleared that land,—fenced it and cultivated it since '86. Q. Well, how did you happen to go into possession of that land? A. Well, I bought it, and paid for it. Mr. Patterson. Object to this on the same ground, and ask that we be permitted at this time to ask, as preliminary to our objection, from whom he bought it. I think the evidence

will develop that he bought it from the decedent, Mr. White. The Court. I will let him answer the question."

On cross-examination, the witness stated he purchased the land from the deceased, White, and detailed on such examination that he paid for the entire premises, and that White himself staked off the land for plaintiff, and that plaintiff immediately fenced, cultivated, and improved the same, and remained in continuous possession thereof until ousted by defendants; that White afterwards executed a deed, and delivered the same to plaintiffs, intending to convey all the premises so inclosed and held by plaintiffs, but, through mistake in the description inserted in the deed, only a portion thereof was correctly described; that such mistake was not discovered until near White's death, and too late for correction. Counsel for defendants moved to strike all the testimony of the witness relating to this transaction with White, because it appeared made with one deceased. The motion was denied. Before submission of the case to the jury, the court instructed as follows:

"You are instructed that if you find from the evidence that Charles A. White measured off the land described in plaintiff's complaint, and sold the same to plaintiff P. F. Kline; and that Kline paid the agreed price to White for the land, and took actual possession by fencing, improving, or other actions of ownership, claiming it as his own,—that he at once, and without anything further, became the owner of the land, and no deed of any kind was necessary to make him the owner, but a deed, if afterwards made, would only be evidence of an ownership already acquired.

"You are instructed that if you find from the evidence that Charles A. White measured off the land claimed by plaintiffs, and that Kline paid the agreed price for the tract, and that Kline then and at once took actual possession of the land, claiming it as his own, that it there-

upon became his land; and the fact that a defective deed was thereafter executed by White to Kline would not defeat Kline's title."

Section 5991, Bal. Code, declares:

"No person offered as a witness shall be excluded from giving evidence by reason of his interest in the event of the action, as a party thereto or otherwise; but such interest may be shown to affect his credibility: Provided, however, That in an action or proceeding where the adverse party sues or defends as executor, administrator, or legal representative of any deceased person, or as deriving right or title by, through, or from any deceased person, . . . then a party in interest or to the record shall not be admitted to testify in his own behalf as to any transaction had by him with or any statement made to him by any such deceased . . . person."

It would seem that the admission of this evidence was unauthorized under the statute. The policy declared is well understood. It was before this court in *Smith v. Taylor,* 2 Wash. 422 (27 Pac. 812). See, also, *Ah How v. Furth,* 13 Wash. 550 (43 Pac. 639), and *Gilmore v. The H. W. Baker Co.,* 12 Wash. 468 (41 Pac. 124). But it is urged that the evidence detailing the transaction with the deceased was brought out in cross-examination. The record discloses that the answer of the witness, when explained, could not mean anything other than the transaction with the deceased.

Counsel for respondents further maintain that the verdict is correct because the vital issue was the adverse possession of plaintiffs until the statute of limitations had run. While the verdict should be sustained upon the evidence showing adverse possession, there was some conflict upon this issue, and the jury may have found for plaintiffs on the erroneously admitted testimony of the transaction between plaintiffs and the deceased.

For error in the admission of this testimony, the judgment is reversed, and the case remanded for a new trial.

ANDERS, FULLERTON, HADLEY and MOUNT, JJ., concur. DUNBAR, J., dissents.