[No. 15112.   Department One.   February 28, 1919.]

HENRY HUYVAERTS, *Appellant,* v. ANDRE ROEDTZ *et al.,*
*Respondents.*[1]

HUSBAND AND WIFE (75, 77)—COMMUNITY PROPERTY—WHAT LAW
GOVERNS.  A debt contracted in Illinois and there the separate debt
of the husband cannot be satisfied out of community personalty sub-
sequently acquired by the husband and wife after removal to this
state.

Appeal from a judgment of the superior court for
Clarke county, Back, J., entered February 4, 1918,
upon findings in favor of the defendants, dismissing
a garnishment, upon overruling plaintiff's demurrer
to a complaint in intervention.   Affirmed.

*Geo. B. Simpson* and *John H. Currie,* for appellant.
*McMaster, Hall & Drowley,* for respondents.

MAIN, J.—The plaintiff, Henry Huyvaerts recov-
ered judgment against the defendant Andre Roedtz,
and thereafter caused a writ of garnishment to be
issued and served upon one O. F. Johnson.   The gar-
nishee answered the writ to the effect that he had
certain funds in his possession which were the prop-
erty of Emma Roedtz, the wife of the defendant
Andre Roedtz.   This affidavit was controverted.
Mrs. Roedtz filed a complaint in intervention, to
which the plaintiff demurred.   The demurrer being
overruled, the plaintiff elected to stand thereon and
refused to plead further.   Judgment was entered dis-
charging the garnishee.   From this judgment, the
plaintiff appeals.

The facts necessary to present the controlling
questions are these:   The transaction which was the

[1]Reported in 178 Pac. 801.

basis of the judgment in the principal action occurred in the state of Illinois, where the parties at that time resided. Thereafter, Mr. and Mrs. Roedtz moved to this state and accumulated certain community property. The funds derived from the sale of this property was sought to be reached while in the possession of the garnishee defendant. Under the laws of Illinois, the debt there contracted and which was the basis of the judgment in the principal action, was the separate debt of the husband. In that state there was no community law.

The sole question here for determination is whether community personal property in this state can be taken to satisfy the separate debt of the husband, contracted in the state of Illinois, in which state there was no community law.

The debt, being the separate debt of the husband in the state where it was contracted, was likewise his separate debt when judgment was obtained thereon in this state. The character of the debt is determined by the law of the place where it arose. *La Selle v. Woolery,* 14 Wash. 70, 44 Pac. 115, 53 Am. St. 855, 32 L. R. A. 75.

The debt, being the separate debt of the husband, cannot be satisfied out of the community personal property. *Schramm v. Steele,* 97 Wash. 309, 166 Pac. 634.

The trial court properly held that the funds above mentioned were not subject to garnishment.

The judgment will be affirmed.

CHADWICK, C. J., MACKINTOSH, MITCHELL, and TOLMAN, JJ., concur.