[No. 16990.   Department Two.   May 11, 1922.]

Bert C. Protzman, *Respondent*, v. G. H. Billings
*et al., Appellants.*[1]

Attachment (1-1, 31)—When Authorized—Immature Debt—
Complaint—Sufficiency. Attachment lies previous to the time the
debt becomes due, under Rem. Comp. Stat., § 649, where the com-
plaint and affidavit in an action on a note alleges that defendants
had disposed of their property with intent to delay and defraud,
and converted property into money to place it beyond the reach of
their creditors and that nothing but time was wanting to fix an
absolute indebtedness.

Husband and Wife (78, 82)—Community Property—Community
Debts—Bills and Notes. A note signed by the husband alone is
sufficiently shown to be a community debt by evidence that it was
given for the purchase of stock in a corporation conducted on behalf
of the community, from which the husband received a salary.

Appeal from a judgment of the superior court for
Spokane county, Webster, J., entered June 20, 1921,
upon the verdict of a jury rendered in favor of the
plaintiff by direction of the court, in an action on a
promissory note. Affirmed.

*John T. Mulligan* and *Oscar Cain*, for appellants.
*Ferris & Ferris*, for respondent.

Hovey, J.—Respondent sued the appellants, who are
husband and wife, upon a promissory note for $13,000,
maturing January, 1921, signed by the husband alone.
In the complaint, filed in October, 1920, respondent
also asked for the foreclosure of a chattel mortgage
securing the note, but at the time of bringing the action
respondent also sued out a writ of attachment, and in
his affidavit alleged "that defendants have disposed of
their property with intent to delay and defraud their
creditors and have converted their property or a part

[1]Reported in 206 Pac. 848.

thereof into money, for the purpose of placing it be-
yond the reach of their creditors; that nothing but time
is wanting to fix an absolute indebtedness between the
plaintiff and the defendants.''

The complaint also contained the following allega-
tion:

''That the defendant, G. H. Billings, has attempted
to dispose of his property by making fictitious trans-
fers thereof with the intention of defrauding this plain-
tiff, who is one of his creditors.''

Appellants thereafter joined issue, and when the
cause came on for hearing in Lincoln county, where the
suit was instituted, the parties to the action, through
their attorneys, entered into the following stipulation:

''It is stipulated and agreed between counsel for the
respective parties to this action that the chattel mort-
gage mentioned in the complaint be waived by the
plaintiff and the case shall be tried out as a straight
law action, demand being confined to the promissory
note mentioned in the complaint and that said cause
may, upon the application of either counsel and the
presentation of this stipulation, be set for trial at the
coming Friday setting day for the June term and tried
in the superior court of Spokane county upon the issues
as heretofore suggested and as they now stand in the
pleadings, with the exception of the chattel mortgage
which is waived, and the resort only had upon the
promissory note as far as the plaintiff is concerned.''

Upon the trial before the court and a jury in the
latter county, the trial court directed a verdict in favor
of the respondent for the amount due upon the note,
together with attorney's fees and costs.

It is first contended by the appellant that the action
was prematurely brought, suit having been filed some
three months before the note fell due, and that, when
the cause of action was changed from the foreclosure
of a mortgage to a straight action upon the note, re-

spondent lost the right to bring the action prior to maturity, which existed in his favor as mortgagee. It is not necessary to pass upon the effect of this stipulation as applied to this question. The allegations of fraud in the complaint and the allegations made in the affidavit for the writ of attachment bring respondent within the provisions of § 649, Rem. Comp. Statutes, and, in our opinion, entitle him to maintain this action if his proof supports the allegations. In our opinion, there was ample proof to sustain the allegations, and, in fact, there is practically no conflict in the testimony.

It is also urged by appellant that the judgment is erroneous in that it runs against the community consisting of the appellants G. H. Billings and Inez Billings, his wife, as well as against the appellant G. H. Billings. This argument seems to be rested upon certain testimony to the effect that respondent was notified that appellant Inez Billings would not sign the mortgage. The note in question was given to take up several other notes held by the respondent. The original notes were all given in the first instance for stock purchased by appellant G. H. Billings in a corporation, with which respondent was not in any manner connected, and these notes were purchased by respondent, who took the precaution of asking appellant G. H. Billings about the validity of the first notes purchased and received a written assurance, and the remaining notes were purchased by respondent at the special instance of the same appellant.

In addition to the presumption of community indebtedness from transactions of the husband, the evidence in this case shows that the business was in fact conducted on behalf of the community. Appellant G. H. Billings was president of the corporation at a salary of $5,000 per annum, and a principal stock-

holder. The investment proved unfortunate for the appellants. Only a few weeks' salary was received and the corporation ceased to function. The law does not attempt to prescribe the kinds of business that the husband shall be limited to. There was no evidence introduced on behalf of appellants which tended to prove any defense, and we think the court was clearly required to take the action that it followed in this case.

The judgment is affirmed.

PARKER, C. J., HOLCOMB, MACKINTOSH, and MAIN, JJ., concur.