[No. 17278.  Department Two.  March 8, 1923.]

VICTORIA DENIS, *as Executrix etc., Respondent,* v.
WALTER METZENBAUM *et al., Appellants.*[1]

WITNESSES (44)—COMPETENCY—TRANSACTIONS WITH PERSON
SINCE DECEASED. In an executor's action upon a note given to the
deceased by the two signers, Rem. Comp. Stat., § 1211, excludes, as
a transaction with the deceased, the testimony of one signer that, at
his request, deceased not being present, the other maker signed the
note as surety only and without consideration.

HUSBAND AND WIFE (82)—COMMUNITY DEBT—PRESUMPTIONS. In
the absence of any evidence to overcome the same, the presumption
is that a note, signed by the husband alone, constituted a community
debt.

Appeal from a judgment of the superior court for
King county, Hall, J., entered February 17, 1922, upon
findings in favor of the plaintiff, in an action on a
promissory note, tried to the court. Affirmed in part
and reversed in part.

*A. G. McBride,* for appellants.

*Pierce Lonergan,* for respondent.

FULLERTON, J.—Respondent, Victoria Denis, as exe-
cutrix of the last will of James Palmer, deceased,
brought this action to recover upon a promissory note
for $500, signed by appellants Walter Metzenbaum and
A. A. McCafferty, and in which the deceased was named
as payee. Following a trial to the court, judgment was
entered against each of the appellants and against the
community of Walter and Rose Metzenbaum for the
amount due upon the note. From this judgment, the
appeal is prosecuted.

It is conceded by the respondent that the entry of a
personal judgment against Mrs. Metzenbaum was
error, and is conceded by the appellants that judgment

[1] Reported in 213 Pac. 453.

was properly entered against Walter Metzenbaum and McCafferty, so the only remaining question is the liability of the community composed of Walter Metzenbaum and his wife.

During the trial in the court below, the appellants made the following offer of proof:

"That the day that the promissory note in question was signed and immediately prior thereto, A. A. McCafferty, defendant, and signer of the note, came to the office of this witness and told him that if he, Metzenbaum, would sign the said promissory note, he, McCafferty, could secure a loan of five hundred dollars, and requested this witness to sign the said promissory note. Whereupon the said Walter Metzenbaum, defendant, attached his signature to said note. That Mr. McCafferty never paid him any part of the consideration for said note, and he received no money by reason of his signing the same. Also, that his wife knew nothing about the signing of the note and never ratified the same, and the community between the defendant Metzenbaum and his wife never received anything in consideration for the signing of said note. Further, that if there is any liability in this action it is against the said Walter Metzenbaum and A. A. McCafferty and not against Mrs. Metzenbaum."

This offer was objected to by respondent on the grounds of the incompetency of the witness, Metzenbaum, to testify as to a transaction with a person since deceased, he being a party of record and in interest. It is apparent from the record that the only persons who could possibly prove the defense that Metzenbaum signed the note as an accommodation maker, and that it was not a community liability, were the parties themselves.

Section 1211, Rem. Comp. Stat., so far as material, reads:

"No person offered as a witness shall be excluded from giving evidence by reason of his interest in the

event of the action, as a party thereto or otherwise; but such interest may be shown to affect his credibility: Provided, however, that in an action or proceeding where the adverse party sues or defends as executor, administrator, or legal representative of any deceased person, or as deriving right or title, by, through, or from any deceased person, or as the guardian or conservator of the estate of any insane person, or of any minor under the age of fourteen years, then a party in interest or to the record shall not be admitted to testify in his own behalf as to any transaction had by him with or any statement made to him by any such deceased or insane person, or by any such minor under the age of fourteen years: Provided, further, that this exclusion shall not apply to parties of record who sue or defend in a representative or fiduciary capacity, and who have no other or further interest in the action."

While the witness testified that the deceased was not present at the time of the signing of the note, yet we cannot escape the conclusion that to permit this testimony would be a violation of this section of the statute.

The purpose of the statute has been declared by this court in *In re Cunningham's Estate,* 94 Wash. 191; 161 Pac. 1193, as follows:

"The evident purpose of this statute is to prevent those whom it covers from detailing any transaction with the deceased which it would be to the interests of the deceased if living to deny. This purpose has been expressed thus: death having closed the lips of one party, the law closes the lips of the other. The inhibition is for the benefit of the estate to shield it from the enforcement of claims that otherwise could not be defended against. It is not to be used as a sword to deprive the estate of beneficial evidence because death has deprived the estate of testimony that otherwise would be admissible. In other words, living mouths are closed when death prevents adverse testimony, but not when death only prevents confirmatory or supporting evidence."

We cannot view the execution and delivery of a note as anything but a transaction with the payee of the note, and, inasmuch as Metzenbaum was an interested party, his lips were sealed by the death of Palmer. *Spencer v. Terrel,* 17 Wash. 514, 50 Pac. 468; *Kline v. Stein,* 30 Wash. 189, 70 Pac. 235. As is pointed out in the former of these cases, the law will not permit an adverse party to prove by indirection through his own testimony that which the law will not permit him to testify directly. Manifestly, the only purpose of the proffered testimony was to show that Metzenbaum was an accommodation maker of the note. Whether he was or was not so depends upon the transaction he had with the payee of the note, and to prove this by the manner attempted would be to prove it by indirection, a manner of proof the cases cited forbid.

The cases of *Kauffman v. Baillie,* 46 Wash. 248, 89 Pac. 548, and *Engstrom v. Peterson,* 107 Wash. 523, 182 Pac. 623, cited by appellant, are clearly distinguishable from the case at bar. In the case of *Kauffman v. Baillie,* there was documentary evidence of a trust in the handwriting of the deceased, and the witness was permitted to testify as to transactions had with a third party pursuant to the trust which occurred in the absence of deceased, and which, as we there said, the deceased could not have denied, had he been present and testifying. In the case of *Engstrom v. Peterson, supra,* the adverse party was permitted to testify that the name of the deceased was not interlined in a deed at the time of its execution. In holding this not to be error, the court said:

"The undisputed testimony is that respondent's decedent was not present at the time the deed was executed; and if living she could not have testified from her own knowledge as to the condition of the deed at that

time.   The transaction of executing the deed was not had with her.''

In the present case, the only evidence offered was that of the appellant Metzenbaum, and while it is true that, were the deceased living, he could not have testified to conversations had between Metzenbaum and McCafferty in his absence, he could have testified as to whom he loaned the money and would have been in a position to disprove, or at least contradict, all of the proffered testimony.

The presumption is that the note in question constituted a community obligation, and there being no error in the exclusion of the evidence offered, the judgment as to the community is affirmed.   The judgment as to Rose Metzenbaum, entered by inadvertence, is reversed.   Neither party will recover costs.

MAIN, C. J., TOLMAN, and PARKER, JJ., concur.