**RUCKER v. BLAIR, Commissioner of Internal Revenue.**

Circuit Court of Appeals, Ninth Circuit. April 1, 1929.

No. 5662.

W. P. Bell and J. B. Fogarty, both of Everett, Wash., for petitioner.

Mabel Walker Willebrandt, Asst. Atty. Gen., Sewall Key and John Vaughan Groner, Sp. Asst. Atty. Gen., and C. M. Charest, Gen. Counsel, and Prew Savoy, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. This appeal relates to an income tax assessment for 1918 and involves the application of the statutes of the state of Washington, as construed by the Supreme Court of that state, defining the separate and community property of husband and wife. Touching the underlying facts there is no controversy, and for them we may resort to the findings of the Board of Tax Appeals.

The petitioner, B. J. Rucker, was married in December, 1904, and at all times thereafter has resided with his wife in Washington. At the time of his marriage he was a member of the partnership of Rucker Bros., consisting of himself and his brother, each with a one-half interest. Individually he owned no property. The firm was engaged in the real estate business, and its only assets consisted of lands and town lots and some stock in the Rucker Bank. The land and lots were and always have been unproductive, and it is not shown what became of the bank stock, or that from it the firm or petitioner ever received any dividend or other profit. In 1907 or 1908 the firm for the first time entered into the logging and sawmill business, including the purchase and sale of timber in connection therewith, and the profits earned by it thereafter all came from this business. The enterprise was undertaken upon borrowed capital, and most of the timber lands were purchased on the installment plan, with small initial payments. In 1917 the concern bought, on this plan, a large quantity of timber, making an initial payment of $5,000 upon the agreed price of $625,000, the balance being covered by promissory notes extending over a series of years, and the notes being signed by petitioner and his copartner for the firm. A part of the timber was later sold at a profit of $80,000, and the remaining portion was manufactured into lumber at their mill, payment being made for the timber as it was cut and manufactured. In no instance does it appear that any borrowing was made upon the credit of, or for the benefit of, the property owned by the partnership in 1904. Indeed, the lands and town lots held at that time were apparently liabilities rather than assets.

The partnership return for 1918 exhibited a total distributive income of $95,699.27, divided equally between the two partners. Petitioner had no other income (except his compensation for personal services to the firm which is not in issue), and made his individual tax return for one-half only of his distributive share, upon the assumption that it was community income, and that therefore the other half was returnable by his wife. Taking the view that the whole of his share was separate property, the Commissioner made an assessment on that basis, and by the order brought here for review the Board of Tax Appeals affirmed the assessment. The question is whether such income was separate or community property.

The pertinent state statutes are sections 6890, 6891, and 6892 of Remington's Compiled Statutes of Washington. They in effect declare that property owned by the husband before marriage and that acquired by him afterward by gift, bequest, devise, or descent, with the rents, issues, and profits thereof, shall not be subject to the debts or contracts of his wife, and that his dominion over it, including the right to alienate and encumber, is the same as if he were unmarried. Of equal dignity and extent are the rights and powers of a married woman touching property owned by her prior to her marriage, or thereafter acquired by gift, devise or inheritance. To that extent both parties to the marriage are placed upon the same footing.

224

Section 6892 provides that "property, not acquired or owned as prescribed in the next two preceding sections, acquired after marriage by either husband or wife, or both, is community property. The husband shall have the management and control of community personal property, with a like power of disposition as he has of his separate personal property, except he shall not devise by will more than one-half thereof."

It seems to be well established by the decisions of the Supreme Court of that state that:

█ 1. All property acquired by husband and wife, or either of them, during the marriage, is presumed to be community property, and the burden of proof is on the person claiming the same to be separate property. Lemon v. Waterman, 2 Wash. T. 485, 7 P. 899; Marston v. Rue, 92 Wash. 129, 159 P. 111. And it would seem that this presumption can only be overcome by clear and convincing proof. Yesler v. Hochstettler, 4 Wash. St. 349, 30 P. 398; Dormitzer v. German Savings & Loan Soc., 23 Wash. 132, 62 P. 862; In re Slocum's Estate, 83 Wash. 158, 145 P. 204; Katterhagen v. Meister, 75 Wash. 112, 134 P. 673.

█ 2. The property acquired by husband and wife, or either of them, during the marriage relation, on capital borrowed, unless upon separate credit, is community property. Yesler v. Hochstettler, supra; Katterhagen v. Meister, supra; Finn v. Finn, 106 Wash. 137, 179 P. 103; Jacobs v. Hoitt, 119 Wash. 283, 205 P. 414.

█ 3. The separate property of either husband or wife so mixed or intermingled with the community as to be incapable of accurate segregation becomes community property. Jacobs v. Hoitt, 119 Wash. 283, 205 P. 414; In re Estate of Carmack, 133 Wash. 374, 233 P. 942.

█ 4. The rents, issues, and profits of community property and the earnings of the husband and of the wife, while living with the husband, are community income and constitute community property. Union Savings & Trust Co. v. Manney, 101 Wash. 274, 172 P. 251; In re Parker's Estate, 115 Wash. 57, 196 P. 632.

█ 5. Presumptively any debt incurred by the husband, or note signed by him, during the marriage is a community debt. Denis v. Metzenbaum, 124 Wash. 86, 213 P. 453; Calhoun v. Leary, 6 Wash. 17, 32 P. 1070; McDonough v. Craig, 10 Wash. 239, 38 P. 1034; Reed v. Loney, 22 Wash. 433, 61 P. 41; Way v. Lyric Theater Co., 79 Wash. 275, 140 P. 320.

█ 6. The wife has during coverture, as well as upon dissolution of the marriage, a vested and definite interest and title in community property equal in all respects to the interest and title of her husband therein. Marston v. Rue, 92 Wash. 129, 159 P. 111; Schramm v. Steele, 97 Wash. 309, 166 P. 634; Huyvaerts v. Roedtz, 105 Wash. 657, 178 P. 801. See, also, Op. Atty. Gen. March 3, 1921, T. D. 3138, 4 C. B. 238.

And it is provided by section 1212 of the Revenue Act of 1926, 44 Stat. 9, 130 (26 USCA § 964a) that "income for any period before January 1, 1925, of a marital community in the income of which the wife has a vested interest, as distinguished from an expectancy, shall be held to be correctly returned if returned by the spouse to whom the income belonged under the state law applicable to such marital community for such period."

██ Apparently the decision of the board was made to rest largely upon the case of In re Brown's Estate, 124 Wash. 273, 214 P. 10, but we find nothing in that case opposed to the propositions we have stated. To the contrary, as we construe it, the case militates against the board's conclusion. By the board it is said that, "the fact (being) that the partnership interest was separate property, the presumption continues that it is separate until overcome by evidence." True, such interest as the petitioner had in the property owned by the firm at the time of his marriage, together with the proceeds and income thereof, was and continued to be his separate estate so long as it could be traced and identified. But no part of the income in question came from that source. After the marriage the partnership entered into a new and distinct business, from which, and the new investment therein, accrued all of the income under consideration. Had the two brothers, not in the firm name, but jointly, engaged in this new business and jointly borrowed the money therefor it would scarcely be contended that the profits would constitute separate property. The mere fact that the enterprise was carried on in the firm name is immaterial. There is no alchemy in the term "partnership" or in the relation it imports, and contributions of community funds to a joint or partnership enterprise are not ipso facto converted into separate property. We are concerned with the status of property invested, not with the form in which it was held.

█ Nor are we impressed with the argument that, inasmuch as petitioner received a salary for his personal service, that is to be deemed to represent his community worth to

the partnership, and that all other income accruing to him from its operations should be held to be the fruit of the pecuniary interest he had prior to his marriage. The logical sequence is not apparent, and certainly no support for the position can be found in the Washington cases. See Protzman v. Billings, 120 Wash. 123, 206 P. 848, and Denis v. Metzenbaum, 124 Wash. 86, 213 P. 453.

Our conclusion is that the petitioner's distributive share was community income, and was properly returned as such. The order appealed from is therefore reversed.