## SEABORN v. POE, Collector of Internal Revenue.

District Court, W. D. Washington, S. D. May 17, 1929.

No. 6965.

918

George Donworth, Elmer E. Todd, Frank E. Holman, and Donworth, Todd & Holman, all of Seattle, Wash., for plaintiff.

Anthony Savage, U. S. Atty., of Seattle, Wash., John T. McCutcheon, Asst. U. S. Atty., of Tacoma, Wash., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, George G. Witter, Sp. Atty., Bureau of Internal Revenue, and T. H. Lewis, Jr., Sp. Atty., Bureau of Internal Revenue, all of Washington, D. C., for defendant.

CUSHMAN, District Judge (after stating the facts as above). The case was submitted to the court before the decision of the Circuit Court of Appeals for this circuit in the cases of Rucker v. Blair. Since such decisions each party hereto has filed a further brief.

Section 210(a) of the Act of February 26, 1926 (44 Stat. pt. 2, p. 21) provides:

"Sec. 210. (a) In lieu of the tax imposed by section 210 of the Revenue Act of 1924, there shall be levied, collected, and paid for each taxable year upon the net income of *every individual* (except as provided in subdivision (b) of this section) a normal tax of 5 per centum of the amount of the net income in excess of the credits provided in section 216, except that in the case of a citizen or resident of the United States the rate, upon the first $4,000, of such excess amount shall be 1½ per centum, and upon the next $4,000 of such excess amount shall be 3 per centum. * * *" (Underscoring the court's.)

It is the defendant's contention that, under the laws of the state of Washington, in so far as property and income are concerned, the marital community is an "individual" within the meaning of the above-quoted section, in support of such contention citing Holyoke v. Jackson, 3 Wash. Ter. 235, 3 P. 841, and Marston v. Rue, 92 Wash. 129, 159 P. 111.

The Circuit Court of Appeals for this circuit, in the cases of Rucker v. Blair (5662 and 5663) 32 F.(2d) 222, 225, decided April 1, 1929, under the Revenue Act of 1918 (40 Stat. pt. 2, p. 1062), held that a separate return by the husband of his distributive share of community income for each of the years 1918 and 1919 was proper. In the opinion in the first of these cases the court said:

"* * * The partnership return for 1918 exhibited a total distributive income of $95,699.27, divided equally between the two partners. Petitioner had no other income (except his compensation for personal services to the firm which is not in issue), and made his individual tax return for one-half only of his distributive share, upon the assumption that it was community income, and that therefore the other half was returnable by his wife. Taking the view that the whole of his share was separate property, the Commissioner made an assessment on that basis, and by the order brought here for review, the Board of Tax Appeals affirmed the assessment.

"The question is whether such income was separate or community property. The pertinent state statutes are sections 6890, 6891, and 6892 of Remington's Compiled Statutes of Washington. * * *

"6. The wife has during coverture, as well as upon dissolution of the marriage, a vested and definite interest and title in community property equal in all respects to the interest and title of her husband therein. Marston v. Rue, 92 Wash. 129, 159 P. 111; Schramm v. Steele, 97 Wash. 309, 166 P. 634; Huyvaerts v. Roedtz, 105 Wash. 657, 178 P. 801. See, also, Op. Atty. Gen. March 3, 1921, T. D. 3138, 4 C. B. 238.

"And it is provided by section 1212 of the Revenue Act of 1926, 44 Stat. 9, 130 (26 USCA § 964a), that 'income for any period before January 1, 1925, of a marital community in the income of which the wife has a vested interest, as distinguished from an expectancy, shall be held to be correctly returned if returned by the spouse to whom the income belonged under the state law applicable to such marital community for such period.' * * *

"Our conclusion is that the petitioner's distributive share was community income, and was properly returned as such. The order appealed from is therefore reversed."

In the last brief filed for the defendant it is said of this case:

"In the case of Rucker v. Blair it was the position of the government itself that the income involved in that suit was properly returned, provided the court should determine that the income in fact was com-

920

munity income. No other tenable position was possible. In section 1212 Congress expressly provided that community income for *periods prior to January 1, 1925,* might be returned by husband and wife separately. The Circuit Court in the Rucker Case, *reached the conclusion that the income* WAS *in fact, community income.* This settled the entire controversy. There was no other issue." (Last italics the court's.)

The court, in Rucker v. Blair, not only reached the conclusion that the income in question was community income, but held that in Washington "* * * The wife has, *during* coverture, * * * a vested and definite interest and title in community property equal in all respects to the interest and title of her husband therein."

It inescapably follows that the wife has such interest and title in the community income, for the income upon its receipt is not different in any respect which touches the present question from other community property. If her interest and title vests during coverture, it vests upon receipt of the income, and she is, for the purposes of her share of such income, the "individual" of such statute.

The judgment will be for the plaintiff as prayed, to be settled upon notice.