[No. 22985. Department One. March 16, 1931.]

ACME FINANCE COMPANY, *Respondent,* v. CARL ZAPFFE *et al., Appellants.*[1]

*Van Dyke & Thomas,* for appellants.

*Bogle, Bogle & Gates, Ray Dumett,* and *Stanley B. Long,* for respondent.

*Kerr & McCord* and *S. N. Greenleaf, amici curiae.*

[1]Reported in 296 Pac. 1050.

PARKER, J.—The plaintiff finance company seeks recovery from the defendant Zapffe, and the marital community consisting of himself and wife, upon a negotiable promissory note executed and delivered by him to one Greenwell, and by Greenwell sold and transferred by endorsement to the finance company before maturity. The case proceeded to trial in the superior court for King county, sitting with a jury, but, during the trial, the jury was, by consent of counsel on both sides, discharged, and the case submitted to the court for final decision as a non-jury case. The trial resulted in findings and judgment awarding to the finance company recovery against Zapffe and the community for the full amount of the note, with interest, from which judgment Zapffe and wife have appealed to this court, contending here, principally, that the note does not constitute a comunity obligation.

There is but little room for dispute as to the controlling facts, as we view this case. On September 10, 1929, Zapffe executed and delivered to Greenwell the note here sued upon, evidencing an indebtedness in the principal sum of two hundred and fifty dollars, payable ninety days after date, with six per cent interest. At the same time, Greenwell executed and delivered to Zapffe a note of the same import as to amount of principal, date of maturity, and rate of interest. Both notes were negotiable, and each evidenced an obligation in all respects equal to the other. On September 11, 1929, Greenwell sold the note here sued upon to the finance company, evidencing such sale by delivery and by appropriate endorsement. The finance company paid Greenwell two hundred and twenty dollars cash for that note.

Thereafter, Zapffe duly transferred the note received by him from Greenwell to one Semmes. Whether or not this transfer was merely for the purpose of

collection and suit as between Zapffe and Semmes, we need not here inquire. The transfer, at all events, resulted in passing the legal title to that note from Zapffe to Semmes. Thereafter, on November 13, 1929, Semmes commenced in the superior court an action against Greenwell, seeking recovery upon that note. The commencement of that action before maturity of the note was to have attachment and garnishment process issued against property of Greenwell, as the law authorizes by suit upon an obligation prior to maturity. Sections 649-680, Rem. Comp. Stat.

■ Did the giving of the note to Zapffe by Greenwell create a community obligation of Zapffe and wife? It has become our settled law that a promissory note executed by the husband alone presumptively evidences a community obligation of himself and wife. *Reed v. Loney,* 22 Wash. 433, 61 Pac. 41; *Way v. Lyric Theater Co.,* 79 Wash. 275, 140 Pac. 320; *Denis v. Metzenbaum,* 124 Wash. 86, 213 Pac. 453. We have here not only this presumption supporting recovery upon the note sued upon, but also the fact that that note was given in consideration of Greenwell's giving to Zapffe a note of the same negotiable character, and of the same amount, date of maturity, and interest. Clearly, that note then became the property of the community consisting of Zapffe and wife, since it was thereby acquired by the community, and not by Zapffe by gift, bequest, or descent. Sections 6890-6892, Rem. Comp. Stat.

■ We think there is hardly room for serious contention that the note given by Greenwell to Zapffe did not constitute a good and sufficient consideration for the note given by Zapffe to Greenwell, the note here sued upon. In the text of Daniel on Negotiable Instruments (6th ed.), § 187, we read:

"Cross acceptances, or cross-notes, bills or checks for the mutual accommodation of the parties, are respectively considerations for each other, . . . ."

In *Security National Bank v. Bohnefeld,* 131 Okl. 66, 267 Pac. 631, this subject was reviewed in the light of many authorities therein cited. Justice Lester, speaking for the court, we think well stated the law as follows:

"Nothing is better established than that a promissory note given by the maker in exchange for a promissory note given by the payee is for good consideration, and is in no sense an accommodation note, although made for the mutual accommodation of the parties."

See, also, 8 C. J. 227 and citations.

Counsel for Zapffe and wife argue that there was an understanding between Zapffe and Greenwell, at the time of the execution of the note sued upon, that it should be considered only as an accommodation on the part of Zapffe to Greenwell. Zapffe's testimony is to the effect that there was oral conversation between them of that import, but we think that is of no consequence in our present inquiry. It may be that the giving of the note by Zapffe to Greenwell was, in one sense, an accommodation to Greenwell, but it is plain from the evidence that Greenwell paid for that accommodation by giving his note as a consideration therefor. In other words, it was not such an accommodation as made Zapffe's note to Greenwell in law an accommodation note.

Contention is made in behalf of Zapffe and wife that the transactions in question are tainted with usury, and that they are entitled to relief to the extent prescribed by our usury statute. There is invoked in that behalf the language of Rem. Comp. Stat., § 7299, reading as follows:

"Every loan or forbearance of money, goods, or thing in action shall bear interest at the rate of six per centum per annum where no different rate is agreed to in writing between the parties. The discounting of commercial paper, where the borrower makes himself liable as maker, guarantor or indorser, shall be considered as a loan for the purposes of this chapter."

It is plain that the note sued upon was not in the least tainted with usury. Its stated rate of interest was within that allowed by our usury statute. Besides, as we have seen, it is plain that Greenwell sold the note outright to the finance company. He did not become a borrower from the finance company.

We conclude that the judgment must be affirmed. It is so ordered.

TOLMAN, C. J., MITCHELL, HOLCOMB, and MAIN, JJ., concur.