[No. 49678-1. En Banc. February 2, 1984.]

VICTOR H. SIMONSON, ET AL, *Respondents*, v.
LARRY G. FENDELL, ET AL, *Petitioners*.

STAFFORD, J., did not participate in the disposition of this case.

*Ronald F. Whitaker* (of *Walters, Whitaker, Finney & Falk*), for petitioners.

*John Gavin* (of *Gavin, Robinson, Kendrick, Redman & Mays, Inc., P.S.*), for respondents.

BRACHTENBACH, J.—Is rescission an appropriate remedy

where both parties are mistaken as to a material fact, but only one party relies on that mistaken fact in entering into a contract? We hold that under the facts of this case mutual reliance is not required; the trial court erred in not granting the equitable remedy of rescission. The Court of Appeals affirmed. *Simonson v. Fendell*, 34 Wn. App. 324, 662 P.2d 54 (1983). We reverse.

The facts are undisputed. In January of 1978, Victor Simonson, the respondent, and Dennis Teeter formed Northwest Furnace & Equipment Co., Inc., each owning a one-half interest. Teeter, who had experience in the business, supplied the expertise while the respondent, who was a truck driver, supplied the capital. The company opened for business in March of 1978. In May of 1978, petitioner, Larry Fendell, was hired as the general manager to assist Teeter in running the business.

In September of 1978, Simonson became disenchanted with the business and offered to sell his interest to Teeter and Fendell. Simonson also told both parties that if they did not want to buy his interest, he would liquidate the corporation. Simonson's selling price was the money he had invested in the business. Fendell was interested in buying Simonson's interest but refused to go ahead with negotiations until Simonson supplied proof of the amount of his investment. The parties conducted a complete inventory of the business, Simonson provided the requested proof and a financial statement was prepared by the company accountant.

The financial statement, dated September 30, 1978, showed that the corporation had a net profit for the period of $19,415.69 and a book value of $37,252.69. All parties were aware that this financial statement indicated the business was solvent and operating at a profit and they all believed this to be an accurate depiction of the financial condition of the corporation. When Simonson was asked by the petitioner whether he still wanted to sell in light of the profitable nature of the enterprise, he replied he didn't care about the profit and just wanted his money back.

Relying on the financial statement, Fendell and Teeter decided to buy the respondent's interest for $75,838.01. They entered into a contract with Simonson on October 19, 1978, agreeing to full performance by December 30, 1978. Fendell and Teeter were unable to obtain financing and subsequently defaulted on the contract.

In mid to late December of 1978, prior to their default, however, Fendell and Teeter had begun to suspect that the September 30 financial statement was incorrect. With the assistance of the accountant who prepared that statement, they confirmed their suspicions in early January of 1979. Though no party was at fault, $48,464.72 in accounts payable had been mistakenly omitted from the September financial statement. Thus, instead of showing a profit, that financial statement should have shown a $29,049.03 loss and that the business was insolvent. On January 10, 1979, Fendell and Simonson met with counsel to discuss their mutual mistake concerning the financial condition of the business. No settlement could be reached.

On January 12, 1979, Simonson brought suit seeking liquidation of the corporation and enforcement of the contract. Fendell (Teeter is now in bankruptcy and not a party to this appeal) answered, admitting breach but pleading the affirmative defense of mutual mistake as equitable ground for rescission. At trial, both Teeter and Fendell testified that neither would have entered into the contract had they been aware of the true financial condition of the corporation. Simonson and his wife, on the other hand, testified that they would have entered into the contract in any event. The financial status of the business played no part in their decision to sell because they only wished to recover their investment.

Based on the foregoing facts, the trial court initially found that the parties had made a mutual mistake of a material fact. It also found that both parties had relied on that mistake and if known to both parties no contract would have resulted. Therefore, the court reasoned, rescission was the proper remedy. Upon Simonson's motion for

reconsideration, however, the trial court reversed itself. The court stated in its memorandum opinion that the fact the Simonsons wished to leave the business regardless of its current condition convinced it that Simonson would have entered into the contract regardless of the mistake. Based on this finding of fact, the court concluded as a matter of law:

> That since [the petitioner] believed that the September 30, 1978 financial statement was accurate and only [the petitioner] substantially relied on said financial statement, [the respondents] not relying thereon, there was no mutual mistake of fact, the mistake of fact being only unilateral in nature.

Clerk's Papers, at 10.

A party seeking to rescind an agreement on the basis of mutual mistake must show by clear, cogent and convincing evidence that the mistake was independently made by both parties. *Beaver v. Estate of Harris*, 67 Wn.2d 621, 409 P.2d 143 (1965); *Carson v. Isabel Apartments, Inc.*, 20 Wn. App. 293, 296, 579 P.2d 1027 (1978). A mistake is a belief not in accord with the facts. Restatement (Second) of Contracts § 151 (1981). It is undisputed that at the time of contracting both the petitioner and the respondent independently believed that the business was solvent and operating at a profit. This belief was not in accord with the facts. Therefore, there was a mutual mistake independently made by each party in this case.

The Court of Appeals relied on *Pepper v. Evanson*, 70 Wn.2d 309, 422 P.2d 817 (1967); *Carson v. Isabel Apartments, Inc.*, 20 Wn. App. 293, 579 P.2d 1027 (1978); and *Super Valu Stores, Inc. v. Loveless*, 5 Wn. App. 551, 489 P.2d 368 (1971) in finding that the mistake was not independently made by both parties in this case and was thus unilateral. Clearly those cases are distinguishable from this case where, based upon the financial statement, both parties independently believed that the business was profitable. In *Pepper* and *Carson* the courts specifically found that the party seeking rescission had represented the mistaken fact to the other party who, having no independent

knowledge as to that fact, relied on that representation. *Pepper*, at 316; *Carson*, at 297. In *Super Valu* the court found that there was not even a mistake but at best a unilateral expectation that failed to materialize. *Super Valu*, at 554.

A mutual mistake alone, however, does not entitle one to rescission. Equity will grant rescission only where there is a clear bona fide mutual mistake regarding a material fact. *Ross v. Harding*, 64 Wn.2d 231, 239, 391 P.2d 526 (1964); *Lindeberg v. Murray*, 117 Wash. 483, 201 P. 759 (1921). 17 Am. Jur. 2d *Contracts* § 143 (1964). This court has consistently held that the truest test of materiality is whether the contract would have been entered into had the parties been aware of the mistake. *Stahl v. Schwartz*, 67 Wash. 25, 120 P. 856 (1912); *accord, Ross v. Harding, supra; Lindeberg v. Murray, supra; Vermette v. Andersen*, 16 Wn. App. 466, 558 P.2d 258 (1976); *Jensen v. Ledgett*, 15 Wn. App. 552, 550 P.2d 1175 (1976); *Super Valu Stores, Inc. v. Loveless*, 5 Wn. App. 551, 489 P.2d 368 (1971); *Davey v. Brownson*, 3 Wn. App. 820, 478 P.2d 258, 50 A.L.R.3d 1182 (1970). A mutual mistake as to a material fact was made in this case.

Fendell wanted proof of the financial condition of the business before entering into the contract. The financial condition as depicted in the September 30 financial statement was erroneous. Fendell relied on that statement in deciding to buy the corporation. It is uncontroverted that at the time of contracting, the parties agreed to buy and sell a business operating at a profit. The mistaken fact was within the contemplation of both parties, and was the underlying basis of the entire bargain. This mistake going to a material fact that both parties assumed to be otherwise destroyed the essence of the bargain. *Accord,* Restatement (Second) of Contracts § 152 (1981); 13 W. Jaeger, *Williston on Contracts,* § 1543, at 75; § 1544, at 96 (3d ed. 1970); 3 A. Corbin, *Contracts* § 605, at 643 (1960). Accordingly, since this contract would not have been formed but for the mutual mistake, Fendell is entitled to rescission, even though Simonson would have contracted had he known the

true status of the corporation.[1]

The general principle is that rescission contemplates restoration of the parties to as near their former position as possible or practical. *J.I. Case Credit Corp. v. Stark,* 64 Wn.2d 470, 392 P.2d 215 (1964); *Yount v. Indianola Beach Estates, Inc.,* 63 Wn.2d 519, 387 P.2d 975 (1964). In its initial ruling the trial court found that after learning of the mutual mistake, Fendell had offered to give the company back to Simonson and thereby return the parties to their precontract positions. This offer was rejected by Simonson, who instead assumed control of the corporation, discharged Fendell, and placed the corporation in receivership.

Under these circumstances we agree with the trial court that Fendell's offer was an adequate offer to tender back the assets gained under the contract and would have satisfied the requisites of rescission by returning the parties to their original positions to the greatest extent possible. Accordingly, the Court of Appeals is reversed and this case is remanded to the trial court for further action consistent with this opinion.

The Court of Appeals awarded attorney fees to Simonson as the prevailing party, but imposed sanctions on counsel for failure to comply with RAP 18.1. We vacate the award of fees and the imposition of sanctions as Simonson is no longer the prevailing party. We do not award attorney fees to Fendell as the prevailing party as he has not requested them in his brief, has failed to file an affidavit detailing expenses, and has failed to request fees in oral argument.

WILLIAMS, C.J., ROSELLINI, UTTER, DOLLIVER, DORE, DIMMICK, and PEARSON, JJ., and CUNNINGHAM, J. Pro Tem., concur.

Reconsideration denied May 11, 1984.

---

[1]There is language in *Pepper v. Evanson,* 70 Wn.2d 309, 422 P.2d 817 (1967) that supports the trial court's holding that reliance by both parties is necessary for rescission. This language is hereby disapproved to the extent that it conflicts with this opinion.