[No. 19725–8–I.   Division One.   June 12, 1989.]

JOHN A. BAXTER, ET AL, *Appellants,* v. LARRY L. STEVENS, ET AL, *Respondents.*

*Richie H. Sterne,* for appellants.

*Robert Stevenson,* for respondents.

WINSOR, J.—John A. Baxter appeals a decision of the trial court concluding that certain transactions between him and Larry L. Stevens and Lorelei Stevens, d/b/a Wall Street Brokers, Inc., were sales of promissory notes rather than loans, and that he failed to carry his burden of proving usury. The issue is whether the assignment with recourse of a promissory note and security agreement constitutes a loan of money for purposes of RCW 19.52.010(1). We hold that it does and reverse.

The facts found by the trial court are undisputed. In April of 1980, Baxter sold Hanan Marine, a boat brokerage business, to Robert Ham, for $70,000. Ham tendered a boat as a down payment and the parties agreed on a purchase price balance of $55,000, payable in 120 monthly installments of $789.10, including interest. Ham executed a promissory note payable to Baxter in that amount, and also executed a security agreement on the office furniture and equipment.

On October 22, 1982, Baxter assigned the note and security agreement to Stevens, and received $16,000 cash for the right to collect the next 36 payments due on the note. The transaction was embodied in several documents, one of which contained the following language: "Sale: It is understood and agreed that this transaction is not a loan; that assignor is assigning assignor's entire rights and interest to assignee". However, Baxter endorsed the note with recourse, thereby guaranteeing its payment in the event Ham defaulted.

On September 28, 1984, in a document entitled "Assignment and Transfer of Installment Note and Collateral and UCC–1", Baxter "assign[ed] any and all right, interest and/or title" in the remaining 55 note payments and the security agreement to Stevens in exchange for $10,000 cash.

Baxter and Stevens voided their prior assignment of October 22, 1982, and Baxter reendorsed the Ham note with recourse to Stevens. Baxter knew that if Ham did not make the payments under the note he would be obliged to do so.

Stevens collected a total of $18,938.40, representing 24 installments, on the Ham note before Ham, and his successor, Edward Davis, quit paying in October of 1984. Stevens sent a written notice of protest to Baxter on December 7, 1984. At the time of trial, a total of 67 payments were due and owing Stevens on the Ham note (12 payments on the first sale and 55 payments on the second sale) for a total of $52,869.70, including interest.

The trial court found that if the transaction were a loan, the interest rates contracted for, for purposes of RCW 19.52.030, were: 10/22/82 transaction, 45.7 percent; 9/28/84 transaction, 52.2 percent. Allowable maximum rates of interest under RCW 19.52.020 for the two transactions were 13.746 percent and 14.64 percent respectively.

The trial court found that Baxter's purpose in dealing with Stevens was personal, not business. The trial court concluded that the October 1982 and September 1984 transactions were sales of a promissory note rather than loans or forbearances, and that Baxter failed to carry his burden of proving usury. It also found no subterfuge or scheme by Stevens to collect usurious interest from Baxter. The court awarded Stevens a judgment on his counterclaim against Baxter in the amount of $52,869.70, the remainder due on the note, together with a reasonable attorney's fee and costs.

Baxter claims that the discounting of the note and the fact that he endorsed it with recourse, that is, with a guaranty that he would make the payments in the event that Ham did not, combine to make the transaction a loan as a matter of law, citing RCW 19.52.010(1). Stevens replies that the transaction here was or should be treated as if it were the purchase of a vendor's interest in a discounted conditional sale contract, which has been held not to be a loan within the meaning of RCW 19.52.010. *Martin v. McAvoy,*

130 Wash. 641, 644, 228 P. 694 (1924); *Schmitt v. Matthews,* 12 Wn. App. 654, 662–63, 531 P.2d 309 (1975).

██ RCW 19.52.010 provides:

(1) . . . The discounting of commercial paper, where the borrower makes himself liable as maker, guarantor, or indorser, shall be considered as a loan for the purposes of this chapter.[1]

The essential elements of usury are

(1) a loan or forbearance, express or implied; (2) money or its equivalent constituting the subject matter of the loan or forbearance; (3) an understanding between the parties that the principal shall be repayable absolutely; (4) the exaction of something in excess of what is allowed by law for the use of the money loaned or for the benefit of the forbearance; and, in some jurisdictions, (5) an intent to exact more than the legal maximum for the loan or forbearance.

To determine whether all these essential elements are present, the courts will look through the form of the transaction and consider its substance.

*National Bank of Commerce v. Thomsen,* 80 Wn.2d 406, 410, 495 P.2d 332 (1972) (quoting *Hafer v. Spaeth,* 22 Wn.2d 378, 382, 156 P.2d 408 (1945)). The focus of this appeal is on the first element, that is, whether the transactions were loans or forbearances.

██ The term "loan" has been defined as

an advancement of money or other personal property to a person, under a contract or stipulation, express or implied, whereby the person to whom the advancement is made binds himself to repay it at some future time, together with such other sum as may be agreed upon for the use of the money or thing advanced.

*National Bank of Commerce v. Thomsen, supra* (quoting *Hafer v. Spaeth,* 22 Wn.2d at 384). Thus, the plain language of RCW 19.52.010(1) covers this transaction: it was a loan.

---

[1]The Legislature has not totally proscribed the discounting of commercial paper. The usury laws do not apply to transactions exclusively for business purposes, but rather are designed to protect *consumer* debtors from burdensome interest rates. *See* RCW 19.52.080; 19.52.005.

Stevens' argument (based upon *Martin v. McAvoy, supra,* and *Schmitt v. Matthews, supra*) that, at least in some situations, the sale of the vendor's interest in a conditional sale contract at a discount is not a "loan" within the meaning of the statute is not apposite. Those cases deal with whether a conditional sale contract is "commercial paper" within the statute. *Martin* held it was not because a conditional sale contract is not "negotiable." *Martin,* 130 Wash. at 643–44. *Schmitt* also clearly confined its holdings to conditional sale contracts and, moreover, did not discuss the language from RCW 19.52.010(1) quoted above which we find to be determinative. *Schmitt,* 12 Wn. App. at 661–63.[2] Thus, we see no reason to broaden the judicially created exception for conditional sale contracts to include negotiable promissory notes endorsed with recourse.

Respondent's reliance upon *Acme Fin. Co. v. Zapffe,* 161 Wash. 312, 296 P. 1050 (1931) is also misplaced. There a note sold to a finance company was held not to be a loan, but it does not appear that the seller (Greenwell) had given a guaranty or indorsement such as that given by Baxter here, which is specifically required under RCW 19.52.010(1) for the transaction to be considered a loan.

We hold that the plain language of RCW 19.52.010(1) compels the conclusion that these transactions were loans. Baxter clearly made himself liable as an indorser and guarantor in the discounting of this promissory note. He received cash outright at the time of each of the assignments, with an express obligation to repay if the maker, Ham, did not. This is entirely consistent with our characterization of the transactions as loans rather than sales. Further, since their rates of interest were unlawful, the loans were usurious. We reverse the judgment below and

---

[2]In looking elsewhere, we find it of particular interest that in the case of *General Motors Acceptance Corp. v. Weinrich,* 218 Mo. App. 68, 262 S.W. 425 (1924), which involved the discounting of a promissory note between an automobile dealer and the bank, the court held that the sale of commercial paper did not violate the usury statute, but only after first explicitly pointing out that Missouri had "no statute declaring the discounting of notes usurious". *Weinrich,* at 79.

remand for a determination of the appropriate penalties to be assessed under RCW 19.52.030.

Both parties seek attorney's fees on appeal. However, Baxter has failed to cite the appropriate statutes under which he may have the right to recover, RCW 19.52.030, .036, and RCW 19.86.090. We therefore decline to consider his request. *See Pearson v. Schubach,* 52 Wn. App. 716, 722, 763 P.2d 834 (1988), *review denied,* 112 Wn.2d 1008 (1989); *In re Marriage of Ochsner,* 47 Wn. App. 520, 529, 736 P.2d 292, *review denied,* 108 Wn.2d 1027 (1987). Nor has he complied with RAP 18.1(b), (c), and (d), so even if we considered his request, we would deny it. *See Barnett v. Buchan Baking Co.,* 108 Wn.2d 405, 408, 738 P.2d 1056 (1987); *Simonson v. Fendell,* 101 Wn.2d 88, 93, 675 P.2d 1218 (1984).

Stevens' fee request, based on contractual grounds, is denied in view of our holding. *Cf. Bakke v. Buck,* 21 Wn. App. 762, 768–69, 587 P.2d 575 (1978).

Reversed.

PEKELIS, J., and REVELLE, J. Pro Tem., concur.

Reconsideration denied September 11, 1989.

Review denied at 113 Wn.2d 1029 (1989).