**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, | No. 11-35976 |
| Plaintiff-counter-defendant - Appellee, | D.C. No. 3:08-CV-05394-BHS |
| v. | MEMORANDUM[*] |
| RICHARD L. KOCH, | |
| Defendant-counter-claimant - Appellant. | |

Appeal from the U.S. District Court
for Western Washington, Tacoma
Benjamin H. Settle, District Judge, Presiding

Submitted April 10, 2013[**]
Seattle, Washington

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: D.W. NELSON and CALLAHAN, Circuit Judges, and COLLINS, District Judge.[***]

Richard L. Koch appeals the district court's order granting Northwestern Mutual Life Insurance Company's Motion to Correct Judgment pursuant to Federal Rule of Civil Procedure 60(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err in correcting its Summary Judgment Order under Rule 60(a) to clarify that both parties had to return any payments they received under disability insurance policy no. D942877. Washington law required Koch to repay any insurance benefits he received under the rescinded policy in order to return Northwestern to its pre-contract position. *See Simonson v. Fendell*, 675 P.2d 1218, 1222 (Wash. 1984) (en banc); *see also Johnson v. Allstate Ins. Co.*, 108 P.3d 1273, 1277 (Wash. 2005) (insurer entitled to reimbursement of all claim payments made where material concealment and misrepresentation voided policy). Clarifying that Koch was required to return the benefits he received was a proper correction to a judgment under Rule 60(a). *See Garamendi v. Henin*, 683 F.3d 1069, 1079 (9th Cir. 2012) ("Rule 60(a) allows a court to clarify a judgment in order to correct a failure to memorialize part of its decision, to reflect the necessary

---

[***] The Honorable Raner C. Collins, District Judge for the U.S. District Court for the District of Arizona, sitting by designation.

2

implications of the original order, to ensure that the court's purpose is fully implemented, or to permit enforcement.") (internal quotation marks omitted). Because the record "contains nothing suggesting that the corrected judgment[] [is] in any way inconsistent with the original intent of the court," *id.* at 1080, the court's Rule 60(a) order served an appropriate clarifying purpose, *id.* at 1081.

**AFFIRMED**.